No. 24,796.

MINNIE M. BRADY, *Appellee,* v. THE BANKERS CASUALTY COMPANY OF MINNEAPOLIS, MINNESOTA, *Appellant.*

SYLLABUS BY THE COURT.

ACCIDENT INSURANCE—*Mistake in Date of Policy—Premium Paid in Time to Renew Policy—Policy in Force at Death of Insured.* An application for an accident insurance policy was made on July 15, 1918, and the premium for two years was paid at that time. A policy was thereafter delivered, but it recited that it was effective from and after June 30, 1918. When the application was made and the premium paid, the agent of the insurer stated to the applicant that the policy would insure for two years from the date of the application. The policy provided for insurance for additional years on payment of annual premiums before June 30th of each year. A premium for an additional year after the first two years was paid and accepted, and the policy was continued for an additional year. The insured was accidentally injured on July 6, 1921, and died on the following day. *Held,* That the policy was effective and in force on the date of the death of the insured.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed December 8, 1923. Affirmed.

*John Madden, John Madden, jr., Louis Nadel, J. T. Rogers,* all of Wichita, and *Dennis Madden,* of Topeka, for the appellant.

*S. S. Alexander,* of Kingman, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment for $1,380.16 on a policy of accident insurance issued to John Brady, the husband of the plaintiff. The defendant appeals.

The petition alleged that the policy was made and executed on July 16, 1918, for a period of two years, for which a premium of $76 was paid; that shortly thereafter the policy was delivered; that it recited it became effective June 30, 1918; and that the agent of the defendant had represented that the policy would insure John Brady for two full years from July 15, 1918, the date of his application. The policy provided for its annual renewal on payment of the premium therefor. The petition also alleged that before the expiration of the first two years of the life of the policy, John Brady paid the premiums for a third year. The petition prayed that the policy be reformed so as to make the date of its expiration occur on July 15. John Brady was accidently injured on July 6, 1921, and died on the following day. The answer alleged that the policy by its terms expired on June 30, 1921, and that the premium for the succeeding year had not at that time been paid. There was evidence which tended to prove the allegations of the petition.

The policy contained the following:

"In consideration of the payment of seventy-six and no/100 dollars and of the application, a copy of which is endorsed hereon and made a part hereof, does hereby insure John Brady, hereinafter called the insured, residing in Norwich, State of Kansas, by occupation a farmer, subject to all conditions and limitations hereinafter contained, from 12 o'clock noon, of the date of this policy, until 12 o'clock midnight of the last day of June, 1920, standard time, where the insured resides when the policy is issued, and for such further periods stated in the renewal agreements as the premium paid will maintain this policy in force, against: . . ."

The application for insurance contained the following:

"Do you agree . . . that premium must be paid to the secretary or agent delivering receipt, otherwise such payment is not binding on' the Company, and that insurance is not effective until this application is accepted by the secretary and first premium actually paid? Yes."

We quote from the abstract of the defendant as follows:

"The defendant complains of the following erroneous instruction no other instruction having been given to take its place.

"If you find and believe from the evidence that it was agreed between the plaintiff's decedent, John Brady, and the duly authorized agent of the defendant, who solicited said insurance and who received the premium thereon that the said sum of $76 was in payment of the premium for two years, then I say to you the payment by the plaintiff's decedent and the receipt thereof by the defendant Company would keep said policy in force for a period of two years from the date of the acceptance of John Brady's application for said insurance (and such date is presumed to be the date of the issuance of said policy) and in such case said policy would remain in effect

by reason of the payment of said $76 until the 16th day of July, 1920, and if you further find that the said John Brady in the year 1920 and while said policy of insurance was in effect as herein instructed paid to the defendant or its duly authorized agent the annual premium on said policy of insurance in the sum of $36 for the purpose of renewing said policy for another year and that such premium was accepted by said defendant or its duly authorized agents for the renewal thereof, then I say to you that said policy of insurance would remain in effect for a period of one year after the expiration of the period of time for which said policy of insurance was paid for at the time of its issuance as hereinbefore instructed. So if you find and believe from the evidence that the policy of insurance, by a renewal was in force and effect as herein instructed at the time of the death of John Brady and that said John Brady lost his life by receiving accidental injuries which were visible and external on his body and were caused directly and exclusively of all other causes from bodily injuries sustained during the life of said policy, then I say to you that the plaintiff would be entitled to recover in this action the principal sum of $1000 plus ten per cent on said sum of $1000 for each year in which payment was made of one year's premium in advance on said policy not exceeding thirty per cent on said entire sum of $1000 which sum should be added to the said principal sum of $1000 and six per cent on such added amount from the date sixty days subsequent to the making of proof of death in this case."

No other instruction is set out in the abstract of the defendant.

The jury answered special questions as follows:

"1. Do you find from the evidence that on July 15th, 1918, at the time the application of said policy was taken that authorized agent or agents of the defendant company then and there agreed with the said John Brady that the $76 then deposited with said agent by said John Brady would pay the premium on said policy for two full years from the date of said application or policy? Answer: Yes.

"2. Did the said John Brady at the time he received said policy through the mail, or at any other time read said policy? If so state when. Answer: No.

"3. Did the said John Brady at all times during his life time believe that the premium he paid at the date of said application for said policy, would pay for said insurance for two years from either the date of said application or the date of the policy? Answer: Yes. Date application.

"4. Do you find from the evidence that the authorized agent of the defendant Company, after knowing that said John Brady had sustained the injury, which caused his death received the 1921 premium? Answer: Yes.

"5. Do you find from the evidence that defendant Company and its home officers and agents, shortly after the death of John Brady learned of said accident and death and of the time and manner in which said 1921 premium was paid and that since said time they have retained said premium and never offered to return it to the said beneficiary of said John Brady? Answer: Yes.

"6. Do you find from the evidence that $36.00 per annum, was the annual premium due on the policy? Answer: Yes.

"7. Has the defendant company ever offered to return the 1921 premium to the beneficiary or any one in her behalf? Answer: No."

Two paragraphs of the syllabus of *Halsey v. Insurance Co.*, 258 Mo. 659, read as follows:

"All courts give a very liberal construction to contracts of insurance, and never permit a miscarriage of justice by a technical or narrow construction thereof.

"Where the application for an insurance policy was dated May 24th and the policy was dated May 31st, and was actually delivered June 5th, on which date the first annual premium was paid, and the policy itself in expressed terms provided it was not to become effective until delivered and the first annual premium was paid, the policy was in force until the last minute of the 4th day of the next June; and a tender of the second premium on May 31st was timely made, although the policy said the annual premium was 'payable in advance on the 24th day of May.'"

To the same effect is *McMaster v. New York Life Ins. Co.*, 183 U. S. 25.

We quote from the opinion in *Halsey v. Insurance Co.*, 258 Mo. 659, 669, as follows:

"Under the terms of this contract, which consisted of the application and the policy issued in pursuance thereto, the deceased was clearly insured for one full year from June 5, 1906, to the last minute of June 4, 1907. That being unquestionably true, and the tender made of the second premium by the brother of the deceased on May 31, 1907, while the policy was still in full force and effect, was clearly made within the time agreed to by the parties, if the entire contract is to be considered as a whole."

The defendant should not be permitted to stand on the letter of its insurance policy which was dated a half month before the application therefor was made and the first premium was paid. John Brady purchased accident insurance for two years and paid the premium for that length of time. The defendant issued a policy for twenty-three and one-half months after agreeing to issue one for two years. This is not making a new contract, it is enforcing the one that was made. The petition asked for the reformation of the policy. That should have been done; it will be considered as having been done by the trial court. This disposes of the allegations of the answer that the policy by its terms had expired on June 30, 1921.

There was evidence which tended to show that after the injury of John Brady, the local agent of the defendant received an annual premium on the policy and that the defendant has ever since that time retained that premium. The defendant argues that such pay-

ment, if it were made, did not keep the policy alive because at the time the premium was paid by the agent to the defendant, John Brady was dead. The alleged lapse of the policy and the payment and retention of the premium after the injury and death of John Brady are fully argued by the defendant. It does not appear from the abstracts that the effect of the lapse of the policy or of the last payment was submitted to the jury. Only one instruction to the jury is set out in the abstract of the defendant, and that instruction has been quoted. It submitted but one question—that was the effective date of the policy, not the date on which it was issued, but the date on which it became a policy of insurance, and for that reason the date from which its validity should be calculated. The special questions submitted to the jury indicate that the effect of the last payment was a matter of controversy, but those questions do not show that the jury was instructed on that proposition, nor that it was submitted for determination. The lapse of the policy need not be discussed for the reason that it was in force until July 15, and had not lapsed at the time John Brady died. The retention of the premium need not be discussed for the reason that it was unnecessary to pay any additional premium to continue the policy in force until July 15, 1921, which was after John Brady had been injured and had died.

The judgment is affirmed.