## No. 12,776.

Shinall *v.* Prudential Insurance Company of America.
(14 P. [2d] 183)

Decided June 20, 1932. Rehearing denied September 12, 1932.

Mr. Vance R. Dittman, Jr., Mr. William Atha Mason, Mr. Lowell D. Hunt, for plaintiff in error.

Messrs. BENEDICT & PHELPS, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in the trial court in the same order as here and for convenience we refer to them as plaintiff and defendant.

Plaintiff was beneficiary in a life insurance policy for $1,000 which her husband held in defendant company. At the time of his death a premium was due. The company claims, and plaintiff denies, that the period of grace provided for in the contract had then expired. The action was one to reform the policy as to date, and as reformed, enforce its payment. A general demurrer to the amended complaint was sustained. Plaintiff elected to stand, and to review the judgment thereupon entered against her she prosecutes this writ.

The application for the policy in question was dated February 23, the policy, which gave sixty days' grace on premium payments, was dated March 21, and the first, and only, premium was paid and the policy delivered April 20, all in 1929. The insured died June 4, 1930. The question is, did the period of grace begin to run March 21, 1930, one year from the date of the policy, or April 20, 1930, one year from the date of the first payment and delivery? If the former, the policy had lapsed at the date of death, and the judgment was right; if the latter, it had not lapsed, and the judgment must be reversed.

The application was expressly made a part of the policy. It provided that if the full first premium was not paid at its date, and it was not, the policy should not take effect until issued and delivered and said premium paid. The policy itself, a twenty-year endowment, provided that the annual premium, $98.55, was "payable on the delivery of this policy." The grace clause recited, "If this policy after being in force one full year from its date shall lapse for non-payment of premium, the

company will continue in force the insurance under the policy for a period of sixty days from the due date of such premium, as specified on the first page hereof.'' Said due date, so specified, was ''the 21st day of March, in every year during the continuance of this policy.''

It is unquestioned that $98.55 was intended as the annual premium for each year of the total term of this policy, not the premium for eleven months or six months. By the terms of the application, which became as much a part of the contract as any other portion of it, the policy did not take effect until April 20, 1929. If the premium then paid carried it only to March 21 of the following year the insured obtained but eleven months' protection for one year's premium, contrary to its recitals as to annual premiums. Furthermore, the insured had but thirty days' grace on his premium payment instead of sixty as specifically provided. On the other hand, if the policy took effect April 20, as the application, an integral part of it, specifically provided, and grace be figured from that date, as justice clearly requires, then that portion of the contract which provided for payment of premiums and calculation of grace from the ''due date,'' which is specifically stated to be ''the 21st day of March in every year,'' is violated. It is thus apparent that the most that can be said for this policy, from the standpoint of defendant, is that it is ambiguous. Hence, in the absence of contrary and controlling authority, that ambiguity, conformable to a universal rule, must be resolved against defendant as the writer of the doubtful document. *North Am. Acc. Ins. Co. v. Cochran,* 74 Colo. 515, 223 Pac. 28; *Western Assurance Co. v. Bronstein,* 77 Colo. 408, 236 Pac. 1013.

We turn now to an examination of authorities on the specific point. A vast number are cited and we are urged to examine many of them with care because they are determinative of the question before us. We have, and they are not. In many instances material variations in application or policy, modifications of the contract,

peculiarities of pleading, variations in dates of payment or death, special considerations, interpretation of the parties, or waiver or estoppel, make them inapplicable. Most of these we do not notice.

An application was made February 2, the policy issued February 19, and delivered on payment of the first premium April 15, all in 1915. The policy contained a thirty day grace clause and provided that the premium should be paid quarter-annually "on or before the 19th day of February, May, August and November, in every year." The application provided "That said policy shall not take effect until the same shall be issued and delivered by the said company, and the first premium paid thereon in full." The insured died July 15, 1915, within the grace period if due dates were reckoned from the date of the delivery of the policy and payment of the first premium, but not if reckoned from the date of the policy. In an action to recover, in which no question of reformation was involved, the United States Circuit Court of Appeals of the Ninth Circuit gave judgment against the company, saying:

"The contract of insurance in the present case contained, as we have seen, two inconsistent provisions; one that the policy took effect only upon the issuance and delivery thereof and the premium was to be payable on such delivery, and thereafter quarter-annually; the other that the premiums were to be paid on the 19th day of February, May, August and November in each year. The contract was fairly susceptible of two different constructions. * * * The construction which the plaintiff in error contends for would require the assured to ignore a plain provision of the contract and to pay a premium for insurance which he never received. * * *"

"It would have been a very easy matter for the plaintiff in error to prepare a policy which was not ambiguous. If it intended not to be bound by the provision that the policy took effect on delivery and that the premiums were payable quarterly yearly thereafter, it should have

made known its intention in plain words. We think the court below committed no error in directing the jury to return a verdict for the defendant in error." *Prudential Ins. Co. of America v. Stewart,* 237 Fed. 70, 72.

Counsel for defendant contend that because this policy contained the language "and thereafter quarter-annually," which the instant contract, which specifically mentions the "due dates," does not, the case is not in point. But the Stewart policy also specifically stated the due dates, and the policy here contained the words "annual premium, ninety-eight and 55/100 dollars." This, we think, leaves no material difference in the contracts and puts the Stewart case "on all fours" with the one before us. To the same effect are the following: *Stinchcombe v. N. Y. Life Ins. Co.,* 46 Ore. 316, 80 Pac. 213; *Halsey v. Am. Cent. Life Ins. Co.,* 258 Mo. 659, 167 S. W. 951.

Of the former, counsel for defendant say the policy, after acknowledgement of receipt of premium, recited, "Being the premium for two years term insurance." Of the latter, they say the policy recited that the company "hereby insures the life of Augustus C. Halsey *for a period of one year,*" and that the court "laid hold of the underscored words as the basis for determining that the insured had bought and paid for one full year's insurance;" hence neither is in point. We are unable to give weight to these criticisms. They are not supported by the opinions in question. In the first the quoted clause is wholly immaterial to the controversy. In the Halsey case the policy was for $10,000. It provided that if further annual payments, totaling fifteen in all, were made, the company would pay "ten thousand dollars to the insured's executors." The application was dated May 24, and premiums were made payable on that date. But the policy, which was dated May 31, recited that it was not to become effective until delivered and the first annual premium paid. This was done on June 5. The court held that "deceased was clearly insured for one full year from June 5."

Of the cases cited by counsel for defendant the most nearly applicable probably are: *McKenney v. Phoenix Mut. Life Ins. Co.*, 138 Wash. 315, 244 Pac. 560; *Jewett v. Northwestern Natl. Life Ins. Co.*, 149 Mich. 79, 112 N. W. 734; *New York Life Ins. Co. v. Tolbert*, 55 Fed. (2d) 10; *Swayze v. Mutual Life Ins. Co. of N. Y.*, 32 Fed. (2d) 784.

In each of these cases there is ample room for the contention that they support the position of defendant, but in each there are material differences which may well have influenced the conclusion. For instance, in the McKenney case the first premium was paid by note at the time of the application, and the policy was antedated for insured's benefit to reduce his insurable age.

In the Jewett case the insured was the company's agent, had paid the first premium when he made his application, and, fully familiar with the company's system and forms, had selected a form which provided for commencement of the term on the first day of the month, and, making his application August 1, had purposely selected the first of that month when he might as well have selected the first of the next.

In the Tolbert case several statements are made with which, having no information beyond what we gather from the opinion, we would, as at present advised, be unable to agree. But the important point is that the parties thereto had, by their own correspondence and conduct, put upon the policy in question the construction contended for by the company. Such is one of the principal reasons given in the opinion for the court's conclusion. Irrespective of others it was ample and unanswerable.

In the Swayze case no premium had been paid for three years. The beneficiary sought to escape the forfeiture under a Kansas statute which forbade forfeiture without notice, claiming that the notice actually given varied slightly, in point of time, from that required by the statute. Even this shadowy claim could not be maintained

unless the court held that the policy did not become effective on its date. Moreover, that was a suit on the contract as it stood, and it is pointed out in the opinion that the Brady case (next hereinafter mentioned), there relied upon by the plaintiff, was a suit to reform.

In an action similar to that before us, certain questions of fact were presented to a jury and on these being answered in favor of plaintiff the court gave judgment accordingly, apparently without reforming the contract. The Supreme Court of Kansas, in affirming that judgment, said: "The petition asked for the reformation of the policy. That should have been done; it will be considered as having been done by the trial court." *Brady v. Bankers Cas. Co.*, 114 Kan. 865, 220 Pac. 1033.

A policy dated April 27 recited that it did not go into effect until the first premium was paid. It was paid May 9. The next premium, which, according to the policy date, should have been paid July 27, was not so paid. The insured died the next day. A bill to reform the contract, changing its date to May 9, was dismissed. On appeal the judgment was affirmed. The reviewing court said: "The policy could not be reformed except on the ground either of fraud or a common mistake of the parties." The court held there was no evidence of either. It appeared, however, that the insured had received two notices from the company, one statutory and one "by courtesy," of the time when the next premium was due under the policy, both giving the date as April 27. *McConnell v. Providence Sav. Life Assur. Soc.*, 92 Fed. 769.

Counsel for defendant here say, "Had the insured lived for twenty years from the date of the policy—that is to say, until March 21, 1949, the insurance company would have owed him the amount of the policy on that date and not on April 20th following." We are not so sure of that. It might depend upon the date of the actual payment and receipt each year of that time, and the waiver or estoppel incident thereto. But the insured was not obliged to mature the policy. He could pay for one year

and demand the protection due him for that period under the terms of the contract. Hence the case is controlled by the facts presented, not by probabilities or possibilities twenty years hence.

Opinions on each side of this question assert that they are supported "by the great weight of authority." We have not attempted to analyze, classify and count them, a task which would be interminable, and practically impossible because of the variations in pleading, language and facts, heretofore pointed out. We can only say that those which support the position of the plaintiff seem to us more consonant with justice, and more conformable to well established and recognized rules of interpretation.

This decision, as always, is limited to the facts of this case. But as an additional precaution we say it does not contemplate cases where the premium was paid at the time of the application and the policy was not antedated, where the application was not made a part of the policy, where the parties themselves have interpreted an otherwise obscure or conflicting contract, where waiver or estoppel have intervened, where there was an unambiguous contract to pay a year's premium for less than a year's protection, or where there was a special consideration for antedating the policy. No such case is before us.

The judgment is reversed and the cause remanded for further proceedings in conformity herewith.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.

*On Rehearing.*

MR. JUSTICE BURKE.

Because of the importance of the issue, and what he believes to be the great weight of authority contrary to our conclusion, counsel for defendant urges a rehearing herein and final consideration of the cause by the court en banc. Although argued and decided in department

those reasons caused the participating justices to invoke the advice of their associates before a conclusion was reached and an opinion directed. For the same reasons the original briefs and abstract have been reexamined by all the justices in connection with the petition for rehearing. They agree that no good purpose could be served by a formal presentation to the full bench.

The rehearing is denied en banc.

MR. JUSTICE ALTER dissents.