The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant,

v.

Margaret E. RICKLEY, Appellee.

No. 5534.

United States Court of Appeals
Tenth Circuit.

June 21, 1957.

Rehearing Denied July 19, 1957.

Wantland L. Sandel, Jr., Denver, Colo. (Horace F. Phelps (of Phelps & Wittelshofer), Denver, Colo., on the brief), for appellant.

Wm. Hedges Robinson, Jr., Denver, Colo., for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

The plaintiff, as the beneficiary named in a $5,000 insurance policy issued by the defendant insurance company in Colorado on the life of her son, brought this action to recover the proceeds of the policy. This is an appeal from a judgment in favor of the plaintiff.

The policy was dated January 24, 1952, but it is conceded that the first annual premium was not paid or the policy delivered until a later date. The application provides that if the first premium is not paid at the time of its execution, a policy shall not become effective "unless a policy is issued by the company and received by the proposed insured * * * and the first full premium thereon paid". The law is settled in Colorado that under these conditions a life insurance policy is not effective on the date of the policy, but the date when the policy is delivered and the first premium paid. Shinall v. Prudential Ins. Co., 91 Colo. 194, 14 P.2d 183; Columbian Nat. Life Ins. Co. v. McCain, 115 Colo. 458, 174 P.2d 348, 169 A.L. R. 278. The defendant contends that the policy was delivered to the insured at Loveland, Colorado by its agent, and the first annual premium paid in the early evening of January 29, 1952. It is plaintiff's contention that the policy was not delivered until some time in February of 1952, and that the defendant has failed to sustain its burden of proof as to when the premium was paid.

The policy contained a 31-day grace provision for the payment of premiums, therefore it was in effect for one year and thirty-one days after the payment of the first annual premium and the delivery of the policy. If the premium payment or the delivery of the policy was after midnight of January 29, 1952, the policy was in effect when the insured was killed on March 2, 1953. That fact question is the sole issue in the case.[1] The

1. The insurance company explains the issue as follows:

"The policy itself provided that it would be effective on the date the same was

trial court found that the policy was delivered and the first annual premium paid subsequent to January 29, 1952, and was in full force and effect on the date of the death of the insured. An examination of the record discloses that there is substantial evidence to sustain the finding that the policy was delivered after January 29, 1952.

The plaintiff testified that during the month of January 1952, she and her son were living in Loveland, Colorado; that about the first of February they moved to a different address near Estes Park, Colorado, and shortly thereafter her son made a trip to California. The effect of her testimony is that while her son was in California, the insurance policy in question was delivered in the mail to her address, which was also the son's address, in an envelope of the defendant company; that she did not recall to whom the mail matter was addressed; and that in February she talked to defendant's insurance agent in Loveland about the policy and, although uncertain whether she told him that it had not been received, shortly thereafter she did receive it. The agent did not deny or explain this conversation. When the son returned from California, the policy was shown to him and he left for the military service a short time thereafter, leaving the policy with his mother, where it remained until his death.

The defendant urges that the evidence is conclusive that the agent delivered the policy to the insured on January 29, 1952 and was then paid the first annual premium from the proceeds of a check of the defendant company which was the cash surrender value of a previous policy carried by the insured. The agent's testimony was indefinite, rather than conclusive. He had no independent recollection that the policy was delivered on January 29, 1952; he stated that it was his custom to deliver a policy when the premium was collected, other than that he did not know that the policy was actually delivered to the insured on the date on which the premium was received. The check from which the premium was paid bore the endorsement of the insured and appeared to have been cashed by the company at a Cheyenne, Wyoming bank on January 31, 1952, although the company records indicate that it was not received at the Cheyenne office until February 1st. The agent submitted a report to his company upon which it was indicated that he had received the premium on January 29, 1952. No receipt was taken for the policy and none was given for the premium payment. The policy was issued from the company's Los Angeles, California office, however no records were offered showing to whom or when the policy was forwarded to Colorado. Under these circumstances, the court was justified in concluding that the policy came to plaintiff's address, which was also that of the insured, after February 1st, and was therefore in effect on the date of the death of the insured.

There is no merit to the contention that if the policy was received by plaintiff as she says, there was no effective delivery to the insured. The policy came to the address of the insured in his absence, and he was aware of the receipt upon his return a short time thereafter. Furthermore, the question was raised for the first time on appeal, which is not timely.

Judgment affirmed.

delivered to the insured and the first premium was paid thereon while the insured was in good health. If the policy was delivered and the first premium was paid on January 29, 1952, as defendant contends, then the policy had lapsed when the second annual premium was not paid at the date of Vert's death on March 2, 1952. If either the policy was delivered and the first premium paid thereon at any time after January 29, 1952 or the second annual premium was paid, then the policy did not lapse and plaintiff is entitled to the proceeds thereunder."