**Henry CASTRO, Hank Castro, Holvin Castro and Hilding S. Castro, minors represented by their mother with patria potestas Maria N. Hernandez, Plaintiffs,**

v.

**TRAVELERS INSURANCE CO., Defendant.**

Civ. No. 315–60.

United States District Court
D. Puerto Rico.

June 12, 1964.

**304**

Oscar Brizzie, Juncos, Ponsa Feliu, Calderón & Souss, San Juan, for plaintiffs.

Francisco Fernández Cuyar, San Juan, for defendant.

RUIZ-NAZARIO, Chief Judge.

The facts in this case, which is of first impression in this jurisdiction, are as follows:

Henry Castro Anderson, presently deceased, applied to defendant for a $10,-000.00 life insurance policy on October 15, 1959. The policy was delivered and the first premium paid, on January 19, 1960. On January 25, 1960, defendant sent a Notice of Payment to insured, stating that the term for payment of the premiums had expired on January 1, 1960, and that the 31 day grace period would expire on February 1, 1960. On February 5, 1960, defendant wrote to insured advising that the policy had lapsed on February 1, 1960, and granting him seven days from the date of the letter to pay the defaulted premiums and thereby to reinstate the policy. No premiums were paid during the seven days. On February 24, 1960, defendant's agents, Steffens and Santoni, Inc., sent to insured a Notice of Payment advising that the term for premium payment had expired on February 1, 1960, and that after said date, Travelers Insurance Co. allowed 31 days of grace which would expire on March 2, 1960. On February 27, 1960, during the night, insured died in an automobile accident. A check bearing the same date was sent to the defendant by insured's father, for the two unpaid premiums. Defendant returned the check to insured's father, reiterating the terms of its February 5, 1960's letter to the effect that the policy had lapsed on February 1, 1960.

The pertinent parts (see page 1) of the policy read as follows:

"THE TRAVELERS
 INSURANCE COMPANY
 HARTFORD, CONNECTICUT

Number 3,004,479 Cash Settlement $6,990
INSURED—HENRY CASTRO ANDERSON
CONTRACT DATE—December 1, 1959—Age 36
AMOUNT—$10,000 Premium—$24.65 Each 1/12 Year For
 24 Full Years

 Beneficiary
as stated in application unless subsequently changed in accordance with provisions of the contract.

Insurance to Age 60 with Cash Settlement at Maturity
 Non-Participating
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

THE TRAVELERS INSURANCE COMPANY agrees to pay to the Beneficiary at the Home Office of the Company in Hartford, Con-

necticut, the amount of insurance stated above, immediately on receipt on the Company's prescribed forms of due proof of the death of the Insured during the continuance of this contract before the Maturity Date set for Cash Settlement. Maturity Date shall be the first anniversary of the Contract Date at which the Insured is not less than 59 years and 6 months of age.

Cash Settlement—If the Insured shall be living on the Maturity Date, and if the premiums required under this contract shall have been paid, the Company shall pay the amount of Cash Settlement in full discharge of the Company's obligations hereunder and this contract shall thereupon be surrendered.

Premium—This contract is issued in consideration of the signed application for this insurance, a copy of which application is attached hereto and made a part hereof, and of the premium payable as hereinabove stated, in exchange for a receipt signed by the President or a Secretary and countersigned by an authorized agent of the Company. This contract *shall be placed in force upon payment of the first premium and the delivery of this contract during the lifetime and good health of the Insured,* and shall be continued by a like payment in each year at the premium intervals specified above as determined from the Contract Date. Such payments shall be made until the premiums for the full number of years above stated shall have been paid, or until the prior death of the Insured. Premiums shall be paid in advance at the Home Office or to an authorized agent of the Company.

Contract Date—*The Insurance Years and all subsequent provisions for Cash Loans, Cash Values, Paid-up and Automatic Term Insurance are computed from the Contract Date.*

Incontestability—This contract shall be incontestable after it shall have been in force for a period of two years from its date of issue except for non-payment of premiums.

This contract is subject to the privileges and conditions recited on the subsequent pages hereof.

In Witness Whereof THE TRAVELERS INSURANCE COMPANY has caused this instrument to be executed at Hartford, Connecticut, this 2nd day of December 1959.

(Sgd) C. W. CATLIN (Sgd) D. L. SMITH (Sgd) JDDewit
Department Secretary Recorder, Life Department President

Insurance to Age 60 with Cash Settlement at Maturity

Non-Participating

Premiums Payable to Age 60

With Benefits in Event of Permanent Total Disability."
(Emphasis supplied).

———◆———

Thus the question before the court is whether the effective date of the policy was January 19, 1960, when the policy was delivered and the first premium paid, in which event it was in force on February 27, 1960, when insured met his death, or on the earlier "Contract Date", December 1, 1959, designated in the Poli-

cy, in which event the policy was lapsed and ineffective for failure to pay premiums.

It is necessary to point out, before discussing the quoted provisions of the policy, certain differences between the situation at bar and situations which were controlling in some of the divers cases researched by the Court in connection with the problem of forfeiture of life insurance contracts. This case does not involve a conflict between the *application* and the policy as issued. Thus the line of decisions holding that the provisions in the application simply impose a condition precedent to the taking effect of the insurance coverage, and that the date stipulated in the policy is the effective date, is of little value in the present situation. Such cases include New York Life Ins. Co. v. Silverstein, 8 Cir., 53 F.2d 986; Travelers Ins. Co. v. Wolfe, 6 Cir., 78 F.2d 78; and McCampbell v. New York Life Ins. Co., 5 Cir., 288 F. 465. Nor does this involve predating (to insured's benefit) of the policy as in Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, where the question was whether in computing the period of uncontestability, the term should run from the date of execution or the ante date. The Court held that in view of the ambiguity, it would adopt the construction of the policy most favorable to the insured, which was, that the contract was effective as antedated. Nor is it a case where a special reason exists for accepting the policy as delivered, antedated, as was the situation in Sellars v. Continental Life Ins. Co., 4 Cir., 30 F.2d 42. In that case, insured's age at the time of delivery would have made him uninsurable.

 The rule is that in case of ambiguity that construction of the policy will be adopted which is most favorable to the insured. The language employed

is that of the company, and it is consistent with both reason and justice that any fair doubt as to the meaning of its own words should be resolved against it. Mutual Life Ins. Co. of New York v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90; National Bank v. Insurance Co., 95 U.S. 673, 678–679, 24 L.Ed. 563; Thompson v. Phenix Ins. Co., 136 U.S. 287, 297, 10 S.Ct. 1019, 34 L.Ed. 408.

Here the contract is ambiguous in the sense that although the Contract Date is stated to be December 1, 1959, the policy was not in force, and by its terms the deceased was not insured, and was without protection, for the period from December 1, 1959, until the delivery of the policy and payment of the first premium during the lifetime and good health of the Insured, which event occurred on January 19, 1960. Indeed, the terms of the contract are susceptible of the construction that the premiums are to be paid every 1/12 year from the date the contract is in force, although it is stated that each 1/12 year is to be determined from the Contract Date, especially in view of the specific statement, under the title Contract Date, of the provisions which are controlled by the Contract Date, and which I have italicized and [1] which form a separate clause of the policy.

 In this factual situation the ambiguity must be resolved in favor of the insured. As stated in Lentin v. Continental Assurance Co., 412 Ill. 158, at page 164, 105 N.E.2d 735, at page 738, 44 A.L.R.2d 463, at page 469 of 44 A.L.R.2d:

"The other view adopted has been that where the contract expressly provides that it shall take effect only on the condition of payment of the first premium, or of delivery, such provision controls both as to the date upon which premiums must be paid and as to the expiration date of

---

1. So ambiguous is the policy that defendant's agents on February 24, 1960, sent insured a Notice of Payment advising that the period of grace would expire March 2, 1960.

the policy, nothing more appearing except that the insurance company has dated the policy on a date prior to the payment of the first premium, or delivery, and has provided for the payment of subsequent premiums on the policy date. To this effect are Shinall v. Prudential Ins. Co., 91 Colo. 194, 14 P.2d 183; Stramback v. Fidelity Mut. Life Ins. Co. of Philadelphia, 94 Minn. 281, 102 N.W. 731; Halsey v. American Cent. Life Ins. Co., 258 Mo. 659, 167 S.W. 951, and Hampe v. Metropolitan Life Ins. Co., Mo.App.1929, 21 S.W.2d 926. The rationale of these cases is that since the premiums are payable in advance, a mere dating of the policy at a time prior to its effective date and the subsequent payment of premiums on the day of the policy's date are not sufficient to change an explicit provision in the contract that it takes effect as of a later date. To hold to the contrary would result in the insured's paying for insurance over a period during which the insurance company was under no liability to him and in which he had no insurance. This, we believe, is the better view, for to hold that the payment of the first premium, which contemplates that it be for a year's insurance, guarantees insurance for a period of less than a year, is to give the insured something substantially less than what his express agreement with the company called for."

This rule is in accord, also with Sections 1236 and 1240 of the Civil Code of Puerto Rico (Title 31 LPRA Sections 3474 and 3478), which read as follows:

Sec. 3474. "If any stipulation of a contract should admit of different meanings, it should be understood in the sense most suitable to give it effect.—Civil Code, 1930, § 1236."

Sec. 3478. "The interpretation of obscure stipulations of a contract must not favor the party occasioning the obscurity.—Civil Code, 1930, § 1240."

I must, therefore, hold that the date controlling the insurance contract now before the Court was not December 1, 1959, but January 19, 1960, and that plaintiffs' decedent was covered by the insurance provided therein. Plaintiffs' counsel is directed to prepare proposed findings of fact and conclusions of law, with notice to defendant's counsel, within 15 days from the date of this memorandum.