O. L. HALSEY, Administrator of Estate of AUGUS-
TUS C. HALSEY, v. AMERICAN CENTRAL
LIFE INSURANCE COMPANY, Appellant.

#### Division One, June 2, 1914.

1. **INSURANCE CONTRACTS: Liberally Construed.** All courts give a very liberal construction to contracts of insurance, and never permit a miscarriage of justice by a technical or narrow construction thereof.

2. ————: **Date of Delivery is Date of Contract: Tender of Premium.** Where the application for an insurance policy was dated May 24th and the policy was dated May 31st, and was actually delivered June 5th, on which date the first annual premium was paid, and the policy itself in expressed terms provided it was not to become effective until delivered and the first annual premium was paid, the policy was in force until the last minute of the 4th day of the next June; and a tender of the second premium on May 31st was timely made, although the policy said the annual premium was "payable in advance on the 24th day of May."

3. ————: **Tender of Premium: To Agency: Issuing Policy.** The tender of an insurance premium to the agency through which the policy was issued and put into force is a sufficient tender to the company, although the notice to the insured stated it was "payable at the home office of the company or to an agent holding a receipt signed by the president, vice-president, actuary or secretary of the company," and the home

office was in another State and the agent to which the premium was tendered did not have a receipt so signed and notified the person making the tender that he was not authorized to accept payment or bind the company.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

AFFIRMED.

*Judson, Green & Henry* for appellant.

(1) Insurance contracts, when unambiguous, are construed and enforced as other contracts, and courts cannot make a new contract for the parties. Ins. Co. v. Fletcher, 117 U. S. 519; Merriwether v. Ins. Co., 127 Mo. App. 100; Steinberg v. Ins. Co., 49 Mo. App. 264; Jewett v. Life Ins. Co., 112 N. W. (Mich.) 734; Assurance Co. v. Association, 182 U. S. 308; Methvin v. Ins. Co., 129 Cal. 251; McConnell v. Life Ins. Co., 92 Fed. 769; Johnson v. Life Ins. Co., 143 Fed. 950; Joyce's Ins., sec. 219. (2) Courts must give effect to the clearly expressed intention of the parties to this contract, so long as the terms agreed upon violate no provisions of our State statutes. Ashbrook v. Ins. Co., 94 Mo. 72; Rose v. Ins. Co., 240 Ill. 45; Frech v. Annuity Co., 157 Ill. App. 254; Gaterman v. Ins. Co., 1 Mo. App. 300; Ins. Co. v. Fletcher, 117 U. S. 519; Ins. Co. v. Buchanon, 141 Fed. 877; Armstrong v. Provident Society, 2 Ontario L. R. 771. (3) This policy clearly provides for the payment of the second premium on May 24, 1907, and stipulates an immediate lapse in case of nonpayment on that day. It was not unlawful to provide an immediate lapse, or even a forfeiture, of all rights under this policy for a failure to pay the second premium on May 24, 1907, the day stipulated. Gaterman v. Ins. Co., 1 Mo. App. 300; Ashbrook v. Ins. Co., 94 Mo. 77; Bacon on Benefit Societies, sec. 354; Rose v. Ins. Co., 240 Ill. 45; Frech v.

Annuity Co., 157 Ill. App. 254; Armstrong v. Provident Soc., 2 Ontario L. R. 771.   (4)   Having held the policy in his possession for one year without objection to any of its terms Halsey must be held to have consented to and approved its provisions respecting the time for payment of the annual premiums and those relating to the effect of a failure to pay any premium on the day stipulated.  Ins. Co. v. Neiberger, 74 Mo. 167; Christensen v. Ins. Co., 160 Mo. App. 486; Ins. Co. v. Fletcher, 117 U. S. 519.   (5)   Even if the policy had not lapsed on May 24, 1907, for failure to pay the premium due that day, yet the facts set out in the agreed statement do not show any lawful tender of the premium at any time prior to the death of the insured. The transaction of May 31, 1907, referred to in paragraph "6" of the agreed statement, did not constitute a legal tender.   That transaction lacked the following essential elements of a valid tender:   (a)   It was not made within the time stipulated in the policy, which was essential to its validity as a tender to prevent a lapse. A tender of a premium made out of time is of no effect to prevent a lapse.   Time is of the essence of such contracts.   Gaterman v. Ins. Co., 1 Mo. App. 300; Howell v. Ins. Co., 44 N. Y. 276; Ashbrook v. Ins. Co., 94 Mo. 73; Bacon on Benefit Societies, sec. 354.   (b) An uncertified check is not a valid tender.   Lionberger v. Kinealy, 13 Mo. App. 4.   (c)   It was not made to any authorized officer or agent of the defendant company and the burden of proof was upon plaintiff to show that said Leonard was authorized by the company to receive and accept payment.   Furniture & Carpet Co. v. Davis, 86 Mo. App. 296; Garnett v. Meyers, 65 Neb. 280; Smith v. Kidd, 68 N. Y. 130.   Not only did plaintiff fail to make such affirmative proof, but the agreed statement shows affirmatively that said Leonard did not have authority to receive or accept payment of this premium, because he did not have the company's signed receipt therefor.   (6)   But even if there had

been a valid legal tender of the second annual premium on May 31, 1907, it would be unavailing, because the policy had already lapsed and become void on May 24, and there was no waiver of the lapse by the defendant. It was lawful for Halsey and the Insurance Company to contract that the policy should bear date May 24, 1906, and that the second premium must be paid May 24, 1907, to prevent a lapse of the policy, and that is what they have done here in language so plain that it cannot be misunderstood; and it is immaterial when the policy was in fact issued by the company, so long as there was no fraud practiced. Rose v. Ins. Co., 240 Ill. 45; Frech v. Indemnity Co., 157 Ill. App. 244; Armstrong v. Provident Society, 2 Ontario L. R. 771; Jewett v. Northwestern Mutual, 112 N. W. 734; Sydnor v. Ins. Co., 26 Sup. Ct. (Pa.) 521; McConnell v. Provident Life, 92 Fed. 769; Johnson v. Ins. Co., 143 Fed. 950; Methvin v. Ins. Co., 129 Cal. 251; Ins. Co. v. Buchannon, 141 Fed. 877; Gaterman v. Ins. Co., 1 Mo. App. 300; Ashbrook v. Ins. Co., 94 Mo. 77; Ins. Co. v. Fletcher, 117 U. S. 519.

*Harry Baer* and *F. H. Bacon* for respondent.

(1) Insurance contracts will be liberally construed in favor of the insured and against the insurer. Forfeitures are not favored and the contract, if possible, will be given an interpretation so as to avoid forfeiture. Smith v. Benefit Ass'n, 173 Mo. 329; Mathews v. Modern Woodmen, 236 Mo. 326; Dezell v. Fidelity & Casualty Co., 176 Mo. 265; Stark v. Life Ins. Co., 159 S. W. 758; LaForce v. Insurance Co., 43 Mo. App. 530. (2) The entire contract must be considered and every part of it given due consideration. The contract is uncertain in its terms for the time is variously to be reckoned by different parts of it as: "Date of the policy"; "Issue of the policy"; "Time during which policy has been in force"; "Full year's premiums";

"Number of years for which complete annual premiums have been paid"; "Date of application"; "Anniversary of its date"; "Original issuance of this contract"; "Within two years from date"; "During first year succeeding date." (3) Under the terms of the contract, taking into consideration every part of it, it must be considered that the intent of the parties was clearly that the insurance should begin on that future indeterminate date when the policy should be delivered and the premium paid. Noyes v. Ins. Co., 1 Mo. App. 584. (4) Under a fair construction of the contract in question it must be deemed the intention of the parties that for the annual premium paid by the insured he should receive its full equivalent, namely, one year's insurance. McMaster v. Ins. Co., 183 U. S. 25; McMaster v. Ins. Co., 78 Fed. 33; Insurance Co. v. McMaster, 87 Fed. 63; McMaster v. Ins. Co., 90 Fed. 40; Stinchcombe v. Ins. Co., 46 Ore. 316; Ins. Co. v. Ison, 65 S. E. (Va.) 463. (5) If the second premium could not be demanded, or was not payable, until on or before the 5th day of June, 1907, and said second premium was tendered on the 31st day of May, 1907, it was tendered in due time and the company can take no advantage from its refusal to accept the premium so tendered, but on that ground alone is estopped from claiming a forfeiture. McMaster v. Ins. Co., 183 U. S. 25.

WOODSON, P. J.—This was a suit on a policy of life insurance issued, for the sum of $10,000, by the defendant upon the life of Augustus C. Halsey, deceased. A trial was had in the circuit court of the city of St. Louis, which resulted in a judgment in favor of the plaintiff for the full amount sued for and interest. In due time and in proper form the defendant appealed the cause to this court.

The pleadings are put aside, as there is no point made in that regard.

The cause was submitted to the court upon the following agreed statement of facts, viz.:

"It is agreed that this cause shall be submitted to the court upon the pleadings, the policy sued on, the application therefor, a certain loan agreement hereinafter referred to, copies of all which are hereto attached and made part hereof, and marked respectively Exhibits A, B, and C, and the following agreed statement of facts: All exhibits are identified by the signatures of the attorneys of the parties hereto.

"1.    Augustus C. Halsey, by a writing called part one of the application, dated, signed and delivered at St. Louis, Missouri, on the 24th day of May, 1906, applied to American Central Life Insurance Company, defendant herein, for a policy on his life in the sum of ten thousand dollars. It was agreed that the annual premium on the policy applied for should be three hundred and sixty-eight and forty-hundredths dollars, of which three hundred and seven dollars should be paid in cash, and sixty-one and forty-hundredths dollars might be at the option of the applicant paid by a loan agreement which, with interest thereon, should be a lien upon the policy applied for. The loan agreement was executed and delivered with the application.

"2.    Part one of the application and the loan agreement were received by the agent company in St. Louis, Missouri, on the 24th day of May, 1906, and on the next day forwarded by him to the home office of the company, Indianapolis, Indiana, where they were received on the 26th day of May, 1906. The same day the defendant company mailed a written request to the Kansas City, Missouri, office of Retail Credit Company for an inspection report upon Augustus C. Halsey.

"3.    On the 25th day of May, 1906, the applicant, consistent with the terms of part one of the application, submitted himself to a medical examination, and such examination, being parts two and three of the application, was in due course forwarded to the home office

of the company, where it was received on the 29th day of May, 1906.

"4. On May 31, 1906, a favorable inspection report upon the applicant was received at the home office of the company from the Retail Credit Company and a policy issued on that day, the same being number 10701. The policy was delivered by defendant's agent to the applicant in St. Louis, Missouri, on the 5th day of June, 1906, at which time the agent was paid the cash part of the premium.

"5. That the defendant, more than twenty days, but not to exceed thirty-five, prior to May 24, 1907, posted in the United States mails, in an envelope stamped and addressed to Augustus C. Halsey, No. 3914 Olive Street, St. Louis, Mo., a notice stating that the second annual premium on account of said policy would be due and payable at the home office of the company or to an agent holding a receipt signed by the president, vice-president, actuary or secretary of the company, on or before May 24, 1907.

"6. On the 31st day of May, 1907, O. L. Halsey, a brother of said Augustus C. Halsey, called at the office of H. M. Leonard, the St. Louis agent of the defendant, and handed to said Leonard a check for $307 payable to the order of defendant as payment of the second premium on said policy. Thereupon said Leonard advised the said Halsey that he did not have the company's receipt for the premium and was not authorized to accept such payment or to bind the company in the matter; that it would be necessary for Augustus C. Halsey or some one in his behalf to take the matter up with the home office of the company; that the premium was past due and that the company would probably require a health certificate, and said check was thereupon returned to O. L. Halsey, but no objection was made to the check as a tender. No payment or tender, if the above facts constituted a tender, was ever made on account of such second

premium other than the offer of said check as aforesaid, nor was there any further communication with the company or its agent concerning the same.

"7. Said Augustus C. Halsey died on the morning of the 5th day of June, 1907.

"8. On or about July 23, 1907, the representative of Augustus C. Halsey requested the defendant to furnish it with the defendant's standard proof of claim blanks. That the defandant company then and there disclaimed all liability under said policy.

"9. It is admitted that O. L. Halsey is the duly appointed, qualified and acting administrator of the estate of Augustus C. Halsey and no question is raised as to his power to sue."

The material parts of the application for the insurance are as follows:

"I, Augustus C. Halsey, of St. Louis, Missouri, hereby propose to insure my life with the American Central Life Insurance Co. to the amount of ten thousand dollars. . . . The annual premium to be made payable in advance on the 24th day of May. . . . I hereby expressly agree

"That there shall be no contract of insurance until a policy shall have been issued and delivered to me when in good health and the premium paid to said company or its duly authorized agent during my lifetime. . . .

"That if any premiums on said insurance shall not be paid when due all previous payments shall be forfeited to the company, except as provided in its policy.
. . .

"That all premiums on any policy issued on this application shall be annual premiums. . . .

"The failure to pay any premium, or obligation given to the company therefor at the time the same become due . . . shall render any policy issued upon this application void and terminate all liability to the company thereon, except as otherwise provided in said policy. . . .

"This application and policy hereby applied for taken together shall constitute the entire contract between the parties hereto."

Those provisions of the policy which are necessary to be considered in this case are:

"The American Central Life Insurance Company of Indianapolis, Indiana, in consideration of the agreements and warranties in the printed and written application for this policy of insurance and of the loan certificate given the company, all of which is hereby made a part of this contract, and of the payment in cash in advance of the sum of $307, hereby insures the life of Augustus C. Halsey, hereinafter called the 'insured', of the city of St. Louis, State of Missouri, for a period of one year from the 24th day of May, 1906, and in consideration of the further payment in cash of $307 on or before the 24th day of May and every year thereafter during the continuance of this policy until fifteen full annual premiums shall have been paid, hereby promises to pay ten thousand dollars to the insured's executors.   .   .   .

"After this policy shall have been in force three years it cannot be forfeited as hereinafter provided.

"After three years' premiums have been paid .   .   .   this policy will become a non-participating paid-up policy for the amount stated in the table above in the paid-up policy column for the end of the last year for which complete annual premiums have been paid.

.   .   .

"After three full years' premiums have been paid should the holder hereof so elect within sixty days from date of lapse   .   .   .   the company will, on surrender of this, issue a non-participating policy for paid-up insurance for the full amount of this policy, to cease after the number of years and months stated in the table above for the end of the last year for which complete annual premiums have been paid   .   .   .

"After this policy shall have been in force three full years the company within sixty days after written request will in conformity with its rules then in force loan up to the amount stated in the table above for the end of the last year for which complete annual premiums have been paid . . . provided . . . (4) that the premiums must be fully paid to the end of the policy year in which the loan becomes due . . .

"If the insured be living and this policy is in full force on the 24th day of May, 1921, the company will then pay to the insured, or his assigns, the accumulated surplus . . .

"The payment of the first annual premium hereon is a condition precedent to the taking effect hereof and it is expressly agreed that this policy shall not become binding upon the company until said premium is actually paid during the lifetime and good health of the insured and that the delivery of this policy without such payment shall not be a waiver of such precedent condition."

The material portions of the loan certificate are as follows:

"This certifies that the American Central Life Insurance Company has issued to me a policy upon its fifteen-payment . . . plan and has this day loaned me the sum of $61.40 to be used in payment of part of the first annual premium on the policy above mentioned No. 10,701, issued to me on the 24th day of May, 1906 . . .

"It is understood and agreed that should the death of the insured occur at any time within fifteen years from the date of said policy, . . . I hereby authorize the secretary of said company to insert in this loan agreement the date of the policy issued to me."

Under the agreed statement of facts, taken in connection with the three documents referred to, it appears that this application was made May 24, 1906,

the policy was dated May 31, 1906, and was put in force by its delivery on payment of premium June 5, 1906.

On May 31, 1907, the amount of an annual premium was tendered as set forth in paragraph 6 of the agreed statement of facts.

I. All the courts of the country, both State and Federal, give a very liberal construction to contracts of insurance, and never permit a miscarriage of justice by a technical or narrow construction thereof.

While this record discloses the fact that the application for the insurance of the deceased was dated May 24, 1906, and that the premiums were payable upon that date, yet that was not all of the contract between the parties. The policy itself was just as important a factor in the agreement as was the application for the insurance. The policy was dated May 31, 1906, but it was not delivered until June 5th of that year, which by its express terms was not to become effective until delivered, and the first annual premium paid, which was done on June 5, 1906.

Under the terms of this contract, which consisted of the application and the policy issued in pursuance thereto, the deceased was clearly insured for one full year from June 5, 1906, to the last minute of June 4, 1907. That being unquestionably true, and the tender made of the second premium by the brother of the deceased on May 31, 1907, while the policy was still in full force and effect, was clearly made within the time agreed to by the parties, if the entire contract is to be considered as a whole.

If this is not true then by parity of reasoning advanced by counsel for appellant, the policy was never in force, for the simple reason that the first premium was not paid on May 24, 1906, but was paid on the 5th of June, 1906, the date the policy, by its

terms, went into effect. This very act of the parties, under the facts and circumstances in the case, puts a practical construction upon the contract made and entered into between them, namely, that each succeeding annual premium should be paid during the life of the policy, and thereby keep it in full force and effect for the period of time stated therein.

If this is not the true meaning of the parties then the appellant is driven to the conclusion that the deceased paid for a full year's insurance, but under the terms of the policy he was only entitled to about eleven and one-half months of insurance.

This, nor any other court should allow an insurance company to thus stultify itself after taking the premium for a full year, and then escape liability by interposing the technical question that by the application for the policy the insured agreed to pay the premium long before it was due. That contention of counsel for appellant is not in harmony with the rulings of the best considered cases disposed of by the courts of last resort in this country and in England.

These views are so thoroughly in harmony with the rulings of the various courts of America, it would be a useless waste of time and space to cite them, which, however, will be cited by the reporter in the publication of this opinion.

II.   Some question is raised by counsel for appellant as to the authority of the St. Louis agent of the company to receive the tender of the premium made by the brother of the deceased on May 31, 1907.

This contention is wholly without merit. The policy was issued through that agency and put into full force and effect, and at this late date, to permit the company to say, after the parties have acted upon that actual and apparent authority to repudiate it, would be lending countenance to the grossest kind of fraud and imposition.

Entertaining these views we are clearly of the opinion that the judgment of the circuit court should be affirmed; and it is so ordered. All concur.