LILLIE MEDLIN, RESPONDENT, v. AMERICAN BANKERS INSURANCE CO.,
APPELLANT.—59 S. W. (2d) 738.

Springfield Court of Appeals.   April 25, 1933.

*Ward & Reeves* for appellant.

*C. G. Shepard* for respondent.

BAILEY, J.—This is a suit on a $2000 life insurance policy by
the beneficiary named therein.  The policy is an ordinary straight
life policy, dated November 9, 1923, issued to Lonnie Medlin, de-
ceased, stipulating for an annual premium of $47.82 and providing
that in the event of failure to pay said premium when due, or within
thirty-one days thereafter, all rights under the policy should termi-
nate, except as to the option on the part of the insured to take the
cash surrender value, paid up life insurance or extended insurance
on the policy.  The policy further provided that after default in the
payment of any premium when due, if the insured should not within
three months from default, surrender the policy for cash or paid up

life insurance, then the insurance would be automatically extended for such time as the policy provided. There was a further provision for loans on the policy after payment of three full years premiums. Other provisions of the policy may be referred to in the course of the opinion. Attached to the policy was what is termed a rider, which was as follows: "The American Bankers Insurance Company, Chicago.

"In consideration of Ten and 68-100 Dollars, the receipt of which is hereby acknowledged, and in consideration of the promise to pay the first annual premium on said policy, the insurance granted by said policy shall be in full force and effect from the ninth day of May, 1923, to and including the ninth day of November, 1923, and in the event of the death of the above named insured between said dates, the insurance provided for in said policy, less the first annual premium thereon, shall be payable to the beneficiary designated in said policy.

"Dated at Chicago, Ill., this ninth day of May, 1923.

"The American Bankers Insurance Co.,

"By G. N. Higgins, Assistant Secretary."

The application for the insurance, likewise attached to the policy, was dated April 24, 1923, and contained, among other things, the usual provision that the insured agreed, "that the policy herein applied for shall be accepted subject to the privileges and provisions therein contained, and said policy shall not take effect until the same shall be issued and delivered, and the first premium paid thereon in cash while I (the insured) am in good health." The record also shows a receipt was signed by the insured which was as follows:

"May 12, 1923.

"Received from The American Bankers Insurance Company, Chicago, Illinois, Policy No. 31583 for $2000, issued by that company upon my life, at an annual premium of $47.82, which I have paid to R. G. Crowe, agent, and I hereby acknowledge that said policy is written in accordance with the representations of the agent who took my application.

"And I hereby certify that I am in the same physical and mental condition as at the time of giving such application and that I have suffered no illness nor have I consulted a physician since that date; and further certify that there has been no change in my family history since that time.

"LONNIE MEDLIN,
"R. G. CROWE, Witness.                                    "Insured."

The records in the home office of defendant company indicates that it received on July 26, 1923, $10.68 in payment of the premium for the "Interim insurance" and on the same date the sum of $47.82 in payment of the first year's premium due, according to the face of the policy, November 9, 1923. The record also shows payment of the annual premium for the years 1924, 1925 and 1926. When the 1927

premium became due the insured failed to pay same within the period of grace allowed by the policy. Defendant thereupon notified the insured of the lapse of his policy, at the same time urging him by letter to reinstate the policy and suggesting he might obtain a loan on the policy to pay the past due premium. After some correspondence on the subject the insured made an application for reinstatement on February 13, 1928, which was in part, as follows: "Application for reinstatement of policy No. 31583:

"Whereas, Policy No. 31583, issued on my life, lapsed by reason of the non-payment of a premium due no the 9th day of November, 1927, I hereby make application for the reinstatement of said policy and warrant as follows: etc.,"

Thereafter the policy was reinstated by a loan agreement in accordance with the terms of the policy and the policy was reinstated to November 9, 1928. No further payments were made by the insured and the policy lapsed. The insured, although notified in regard thereto, failed to exercise any of the options provided by the policy, as a result of which defendant's actuary, in accordance with the terms of the policy, caused the insurance policy to become extended for a period of two years and 184 days from November 9, 1928, which, according to defendant, caused the liability under the policy to end on the 12th day of May, 1931. The insured, Lonnie Medlin, died on the 5th day of June, 1931. The beneficiary, Lillie Medlin, made due proof of loss, but liability was denied by defendant and this suit resulted. On the part of plaintiff there was evidence tending to prove that the policy in suit, with the rider attached, was not delivered on the 12th day of May, 1923, the date of the receipt, but some four or five weeks thereafter, as a result of which, plaintiff contends here and contended in the trial court, that the interim insurance entitled the insured to six months term insurance before the regular policy dated November 9th, would begin, so that the extended insurance would have been for a period beyond the date of insured's death. The trial court adopted plaintiff's theory of the case as indicated by the instructions given. The jury, however, returned a verdict for defendant. Thereafter the trial court sustained plaintiff's motion for new trial on account of the giving of a certain instruction on behalf of defendant. From the order granting a new trial defendant has appealed to this court.

The trial court, as heretofore indicated, sustained the motion for new trial solely on the ground that error had been committed in the giving of defendant's Instruction No. K relative to the burden of proof being on plaintiff to overcome the date of delivery shown in the written receipt offered in evidence. Defendant contends this instruction was correct, but also asserts that regardless of the correct-

ness of this instruction the new trial should not have been granted because plaintiff is not entitled to recover in this case as a matter of law. We consider this latter contention decisive of the case and if that be true a consideration of the correctness of the court's ruling on the instruction seems unnecessary.

At the close of the whole case defendant offered an instruction in the nature of a demurrer to the evidence which was by the court overruled. If plaintiff is not entitled to recover in this case as a matter of law, the demurrer should have been sustained. We shall consider this case from that viewpoint. It stands conceded that at the time the insured made application for the insurance policy in question it was agreed between the insured and defendant, acting through its agent, that the insurance policy contracted for was to be dated November 9, 1923; it is also conceded that insured was to have term insurance, or what is called "interim term insurance," for a certain period intervening between the time of the application and the time the regular policy should become effective in November, 1923. This term insurance was provided for in the rider heretofore set out and attached to the policy. The rider provided that the term insurance should begin on the 9th day of May, 1923, and end on the 9th day of November, 1923, when the regular policy should commence. That the parties had a right to make such a contract there can be no reasonable doubt. As was said in the case of Winters v. Reserve Loan Life Ins. Co., 290 S. W. (2d) 109, l. c. 113, "There is nothing inconsistent with the idea of a contract going into effect on a certain date and its covering a past situation or transaction as well as the future. We know of no law that would prevent the parties from agreeing that the contract entered into on January 22, 1917, should take effect as of February 26, 1916. To say that the pre-dating of the policy has no legal significance is to wholly ignore the application signed by the insured and what he evidently intended should be the effect of it." The precise question is whether or not the time specified in the rider as to the date when the term insurance should become effective, is changed or altered by the clause in the application providing that the policy applied for, "shall not take effect until the same shall be issued and delivered, and the first premium paid thereon in cash while I am in good health." Our courts have consistently held that where there is a difference in the time stipulated as to when the premium is to be paid and the time when the insurance is to go into effect, the latter controls. [Halsey v. Insurance Co., 258 Mo. 659, 167 S. W. 951; Johnson v. American Life Ins. Co., 249 S. W. 115; Hampe v. Metropolitan Life Ins. Co., 21 S. W. (2d) 926; Newman v. John Hancock Mutual Life Ins. Co., 7 S. W. (2d) 1015.]

All such cases have to do with a regular policy and involve no special agreement or circumstances. For some reason not revealed by the record the insured in this case desired to have the premium date

on his policy fall due in November while the application for the policy was made in April. Plaintiff was a farmer and perhaps desired the insurance premium to fall due at a convenient time after harvest. Whatever the reason was, he paid a special premium for the "interim" term insurance and accepted the policy with the provision that the interim insurance was to be effective from the 9th day of May, 1923, to the 9th day of November, 1923. Plaintiff contends the insured paid for six months insurance and if the policy was not delivered until four or five weeks after the 12th day of May, 1923 (the date of the receipt for the policy), then the six months period would carry the term insurance beyond the date of the policy, November 9, 1923; that otherwise the insured would be paying for insurance he did not get. A similar contention was made in the case of Prange v. International Life Ins. Company, 46 S. W. 523. In that case the insured applied for insurance on a certain date which would have been nearest his next succeeding birthday; in order to take advantage of the reduced rate or premium that would result from his application being dated back he agreed that it be done and the policy was so dated; the policy also provided that the premium paid constituted the premium for term insurance until noon on a stated date, from which time the policy might be renewed as an ordinary life policy on payment of like sum on said date. It was held the policy took effect after delivery as of the date stated in the policy so as to require payment of the second premium one year from such date. In regard to the contention made by the plaintiff in the Prange case above referred to, the Supreme Court of Missouri said:

"Appellants say that the payment of $700.75 made by the insured on May 19th, the time when the policy was delivered to him, was the payment of an annual premium, which entitled the insurer to a full year's insurance; otherwise, they say, the insured paid for approximately a month and a half's insurance which he did not get. The contention ignores the plain language of the contract. In its inception the contract was not one for life, but an assurance for a term ending on April 4, 1923, at which time it could be converted into a life policy by the payment of a stipulated premium. The first payment is not designated an annual premium, nor is it anywhere referred to as such, in either the policy or the application. On the contrary, it clearly purports to be a single premium for limited term insurance, . . . Courts are without authority to re-write contracts, even insurance contracts, although it may appear that in some respects they operate harshly or inequitably as to one of the parties; they discharge their full duty when they ascertain and give effect to the intentions of the parties, as disclosed by the contract which they have themselves made. [Interstate Business Men's Acc. Assn. v. Nichols, 143 Ark. 369, 220 S. W. 477; State ex rel. v. Cox, 322 Mo. 38, 14 S. W. (2d) 600; State ex rel. v. Trimble, 306 Mo. 295, 267 S. W. 876; State ex rel. v. Trimble,

297 Mo. 659, 249 S. W. 902; Winters v. Insurance Co., 221 Mo. App. 519, 290 S. W. 109.]" [Prange v. International Life Ins. Co., 46 S. W. l. c. 526.]

We consider the holding in the Prange case controlling here. The interim insurance provided for in the rider was for a limited term based on a specified premium that was evidently less than the regular rate on an ordinary life policy. That term expired on the 9th day of November, 1923, and in our opinion the insurance would have then ended unless the premium provided for in the policy had been paid, which it was. Such was the contract made and accepted by the insured. It was not for six months insurance but for a limited, specified term agreed upon. We therefore hold the insured bound thereby although the policy may not have been delivered until sometime in June, 1923.

No contention is made in this case that the period of extended insurance to which insured became entitled on lapse of the policy was greater than the two years and 184 days figured by the defendant and no such issue was submitted to the jury. If the effective date of the policy was November 9, 1923, it stands conceded the policy had expired when the insured died on June 5, 1931. In view of our holding as to the term insurance, other questions raised need not be considered. It is our opinion the judgment should be reversed with directions to reinstate the verdict of the jury and render a judgment accordingly. It is so ordered. *Smith, J.,* concurs; *Allen, P. J.,* not sitting.