## TURNER v. NEW YORK LIFE INS. CO.

### No. 10937.

Circuit Court of Appeals, Eighth Circuit.

Dec. 2, 1938.

Rehearing Denied Dec. 28, 1938.

C. H. Ewald and Edgar Shook, both of Kansas City, Mo. (McCollum and Ewald, of Kansas City, Mo. on the brief), for appellant.

Richard S. Righter, of Kansas City, Mo. (George J. Mersereau and R. Arch Smith, Jr., both of Kansas City, Mo., Louis H. Cooke, of New York City and Lathrop, Crane, Reynolds, Sawyer & Mersereau, of Kansas City, Mo., on the brief), for appellee.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

This is an action by beneficiary on a life insurance policy. At the close of all the evidence each party moved for a directed verdict, plaintiff reserving the right to present the case to the jury in event her peremptory motion be denied. The court entered judgment on directed verdict for the defendant and plaintiff appeals.

The one point involved in this appeal is whether the evidence was sufficient to justify submission of the case to the jury. The particular matter of evidence involved is whether a check given in part payment of the premium due April 1, 1934, was accepted as payment or was so treated by the company.

The pertinent facts concerning this issue are as follows: The policy was issued on the life of Mrs. Mary C. Turner, April 1, 1931, for $11,000. Quarterly premiums of $146.52 were fully paid up to April 1, 1934. Toward the end of the period of grace, an arrangement was made whereby the remaining loan value on this policy (amounting to about $75) would be utilized (through the medium of a lien note) and this loan plus the payment of $130.83 would cover interest due on earlier loans on the policy and the premiums on this policy and also on a smaller policy for $2,000. Plaintiff gave her check for the $130.83, stating in substance, at the time, that there were not sufficient funds in the bank to cover it but that there would be in a few days. This check was dated May 1, 1934. The loan agreement was forwarded by the local agency to the home office in New York for approval and acceptance and the check was held until May 7th, when it was deposited. On May 11th or 12th the check was returned to the company by the bank because of insufficient funds. Prompt notice was given by the company of this return with

the statements that the check would be again deposited and that funds should be there to meet it. The check was again returned for insufficient funds. On May 15, 1934, the company placed this check in a letter addressed to the insured and sent by registered mail to her proper address. The letter stated that because of dishonor of the check the premium had not been paid and the policy had lapsed. Further, the letter urged that an application for reinstatement of the policy be made. At the time this letter reached the address of insured she was out of the city or sick, but the plaintiff knew of its attempted delivery and she was told that the letter might be obtained within five days at a certain post office. Plaintiff informed insured of the attempt to deliver this letter and that it could be gotten at the post office but insured made no attempt to secure the letter, supposing that it related to another matter. The letter was finally returned to the company. On June 11, 1934, the insured died. Due proof of loss was made, to which the company replied that the policy had lapsed for non-payment of the premium.

Upon this state of facts, the first contention of appellant is that the premium was paid because the check was accepted as unconditional payment and that, therefore, the company could not lapse the policy but could only sue upon the check. This position is not well taken.

▪ This was a Missouri contract and is to be determined by Missouri law. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. There are four Missouri cases directly upon this point with two others which have some bearing. The four are Martin v. Illinois Bankers Life Assurance Co., Mo.App., 91 S.W.2d 646; Gibson v. Texas Prudential Ins. Co., 229 Mo.App. 867, 86 S.W.2d 400; Commercial Bank of Boonville v. Varnum, 176 Mo.App. 78, 162 S.W. 1080, and Skinner v. Johnson, Mo.App., 74 S.W.2d 71. The two cases which have some bearing are Newton Burial Park v. Davis, Mo.App., 78 S.W.2d 150, and Farm & Home Savings & Loan Ass'n v. Stubbs, 231 Mo.App. 87, 98 S.W.2d 320. The doctrine of all of these cases is that it is a well established rule in Missouri that "in the absence of an agreement between the parties that it is to be received as payment, the common-law rule, which prevails in England * * * is that a draft or bill of exchange, acceptance, order, or promissory note of the debtor is not a payment or an extinguishment of the original demand." Skinner v. Johnson, Mo.App., 74 S.W.2d 71, 73. All of these cases are Courts of Appeals cases and not in the Supreme Court of Missouri. Therefore, they cannot be finally accepted as stating the law of the State of Missouri. However, they are strongly persuasive.

▪ If these cases are not to be accepted as the law of Missouri and we are to make our own determination, then we should be governed by the decisions of this Court (Dow v. Cowan, 8 Cir., 23 F.2d 646, 647, and Royalty Indemnity Co. v. Beiseker, 8 Cir., 245 F. 346, 347), which declare the same doctrine. Also, it is the general doctrine that the burden of proof to show that a special agreement to accept a check as absolute payment existed is upon the one so alleging.

▪ In this situation the applicable rules of law are that the receipt of this check by the company was a conditional payment unless plaintiff is able to produce substantial proof that the check was accepted as absolute payment. This proof is not only lacking but the proof is directly to the contrary. The evidence is that at the time the check was delivered plaintiff stated that the funds were not in the bank to meet the check but that they would be in a few days. It is unbelievable that the company, with this knowledge of insufficient funds to meet the check, accepted it on any other basis than upon the condition that the funds would be there. There is nothing in the course of dealing of the company with this check which is inconsistent with this obvious view. The company gave the plaintiff and the insured two opportunities to make good the condition and upon failure so to do promptly declared a lapse of the policy.

The circumstance that the letter attempting to return the check and declaring the lapse never was received by the insured is not important under the circumstances here. Those circumstances are that the company addressed a registered letter to the insured at her address and made every reasonable effort to get the letter to her; and that the reason the letter did not reach her was because of her own negligence in not calling at the post office for it when she knew that a registered letter from the company awaited her.

Another matter argued by appellant grows out of the situation that this check and policy loan were to cover not only the premium on this policy but also on a $2,000 policy, the premium of which became due on the same date. This smaller policy had been assigned prior to April 1, 1934. On May 9th the assignee, who had theretofore been informed by the company that the premium for April 1, 1934, had not been paid, wrote the company inquiring as to whether the premium had been paid. In answer thereto the company wrote, on May 12th, that it had been paid. It is apparent that the company had no knowledge at that time that the check had not been met. After death, the company paid this smaller policy without controversy.

The argument of plaintiff is that the payment of these two premiums was an entirety; that there could not be acceptance as to one without acceptance as to the other, and that since the company had treated the premium on the smaller policy as having been paid and had satisfied that policy it is estopped to say that the premium on the other policy had not been paid. At first blush this argument seems to carry substantial weight but when the situation is understood the argument is not sound. This situation is set forth in a portion of a letter from the company to counsel for plaintiff, dated Jan. 23, 1935, as follows:

"You are mistaken in stating that the the conditions under Policy No. 11 410 313 were the same as under Policy No. 11 410 315. The latter policy was assigned, as you state, to David and Gladys C. Smith. On May 9, 1934 Mrs. Smith wrote to the Cashier of our Branch Office inquiring as to whether the premium due April 1, 1934 had been paid, and our Branch Office Cashier advised her that the premium had been paid in full to July 1, 1934. He made this statement to Mrs. Smith assuming that the check mentioned above had been honored. At the time the letter was written the check had not been returned by the bank to the Branch Office. Our Branch Office Cashier on receipt of notice that the check had not been honored, failed to notify Mrs. Smith of that fact. If he had done so, Mrs. Smith may have taken some steps to protect her interest by making application for reinstatement of the policy and paying the premium. Due to this oversight on the part of our Branch Office in not notifying Mrs. Smith, the facts were referred to our Legal Department and also to an Executive Officer, and it was decided to pay the claim.

"No such condition, however, exists with reference to Policy No. 11 410 313. Mrs. Turner was duly notified that the check had been returned 'not honored' and that the policy had lapsed, but still made no effort whatever to have the policy reinstated. Under the circumstances, the Company is not liable under this policy."

The judgment should be and is affirmed.