## PRUDENTIAL INS. CO. OF AMERICA v. KING.

### No. 11161.

Circuit Court of Appeals, Eighth Circuit.
Feb. 25, 1939.

Walter R. Mayne, of St. Louis, Mo. (Joseph R. Long and Fordyce, White, Mayne, Williams & Hartman, all of St. Louis, Mo., on the brief), for appellant.

Louis E. Zuckerman, of St. Louis, Mo. (G. A. Wurdeman and John A. Nolan, both of Clayton, Mo., and Alvin Goldman, of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and VAN VALKENBURGH, Circuit Judges.

SANBORN, Circuit Judge.

This action was brought by Hazel P. King, the beneficiary named in two policies of insurance upon the life of her husband, Fletcher W. King, who died on November 24, 1933. These policies were Missouri contracts. The company denied liability. The trial was to the court, and from a judgment for the plaintiff, the company has appealed.

The facts are not in dispute, and the sole question is as to the effective date of the policies. It is conceded that if the policies went into effect on February 11, 1930, when the insured paid the first premiums and signed the first part of the applications for the insurance, then the policies were no longer in force when the insured died; and that if the policies went into effect on February 15, 1930, at the

time the applications were completed, then the insurance was in force at the date of the insured's death.

From the face of the policies, without regard to the applications, their effective date was February 11, 1930, but each of the policies contained this provision: "This Policy together with the Application, a copy of which is attached hereto, contains and constitutes the entire contract between the parties, hereto, * * *." The applications for these policies, as shown by the photostatic copies thereof attached to the policies, contained two parts in questionnaire form. The first part was intended to furnish the company with the necessary data with respect to the applicant, his occupation, residence, age, kind of insurance desired, and the beneficiary and contingent beneficiaries to whom the proceeds were to be payable in the event of death; so that the company might determine who the applicant was, his age, what kind of insurance he was applying for, and to whom the insurance was to be payable. Above the signature of the insured and the date "11th day of Feb. 1930", upon the first part of each of the applications for the policies in suit, appears the following language:

"I hereby declare that all the statements and answers to the above questions are complete and true, and I agree that the foregoing, together with this declaration, as well as the statements and answers made or to be made to the Company's Medical Examiner or in my declarations in lieu of medical examination, shall constitute the application and become a part of the contract of insurance hereby applied for. I further agree that the policy herein applied for shall be accepted subject to the privileges and provisions therein contained and that unless the full first premium is paid by me at the time of making this application, the policy shall not take effect until issued by the Company and received by me and the full first premium thereon is paid, while my health, habits and occupation are the same as described in this application. It is understood and agreed, however, that if at the time of signing this application the full first premium is paid, the insurance shall take effect from the date of this application, in accordance with the provisions of the policy hereby applied for, provided this application is approved and accepted at the Home Office of the Company, in Newark, New Jersey, under the plan, for the premium paid and amount of insurance applied for."

The second part of each of the applications is entitled, "Declarations Made to the Medical Examiner". It, also, largely consists of a questionnaire, the purpose of which is to enable the insured and the Medical Examiner to disclose the physical condition of the insured so that the company may appraise the risk which it is asked to assume. This part of each application, just above the signature of the insured and the date "15 day of Feb. 1930", contains the following language: "I hereby declare that all the statements and answers to the above questions are complete and true, and I agree that they shall form a part of the contract of insurance applied for * * *."

■ It seems to us perfectly plain that the two parts of each of the applications expressly constituted the entire application, and that neither part is complete without the other, so that until the second part of each application was executed on February 15, 1930, there were no applications for these policies. Therefore, the effective date of the applications was February 15, 1930, the date when they were completed.

By the terms of the applications, the policies applied for were to take effect from the date of the applications, and, by the terms of the policies, the applications constituted a part of those contracts. Thus, by the terms of a part of the entire contract of insurance, the effective date was February 11, 1930, while by the terms of the other part it was provided that the insurance should become effective February 15, 1930. It is therefore apparent that an ambiguity existed with respect to the effective date of these policies.

■ It is a rule of general law, as well as of the common law of Missouri which in this case is controlling, that where the language of a policy is clear and unambiguous, there is no room for construction and it is to be taken and understood in its plain, ordinary and popular sense; but that if the language of the policy is ambiguous, that construction is to be adopted which is most favorable to the insured. Swanson, Inc., v. Central Surety & Ins. Corp., Mo.Sup., 121 S.W.2d 783, 786; Soukop v. Employers' Liability Assur. Corp., 341 Mo. 614, 108 S.W.2d 86, 91, 112 A.L.R. 149; State ex rel. Metropolitan Life Ins. Co. v. Allen, 337 Mo. 525, 85 S.W.2d 469, 470; State ex rel. Security Mut. Life Ins. Co. v. Allen, 305 Mo. 607, 267 S.W. 379, 382. See, also, Stroehmann v. Mutual Life Ins.

Co., 300 U.S. 435, 439, 57 S.Ct. 607, 81 L. Ed. 732; United States Fidelity & Guaranty Co. v. Guenther, 281 U.S. 34, 37, 50 S.Ct. 165, 74 L.Ed. 683, 72 A.L.R. 1064; Millers' Mut. Fire Ins. Ass'n v. Warroad Potato Growers Ass'n, 8 Cir., 94 F.2d 741, 742; Travelers Ins. Co. v. Springfield Fire & Marine Ins. Co., 8 Cir., 89 F.2d 757, 762, 763; Spaunhorst v. Equitable Life Assur. Soc., 8 Cir., 88 F.2d 849, 850; New York Life Ins. Co. v. Calhoun, 8 Cir., 97 F.2d 896, 898.

It is also the law of Missouri that where two provisions of an insurance policy are inconsistent, that provision which creates liability must prevail. New York Life Ins. Co. v. Jackson, 7 Cir., 98 F.2d 950, 952; Soukop v. Employers' Liability Assur. Corp., supra; State ex rel. Missouri State Life Ins. Co. v. Allen, 295 Mo. 307, 243 S.W. 839; Halsey v. American Central Life Ins. Co., 258 Mo. 659, 167 S. W. 951.

The company, while it denies that there is any ambiguity with respect to the effective date of the policies in suit, asserts that, if there is, the practical construction given to the policies by the parties must result in a ruling that February 11, 1930, was their effective date.

"It is a well-established rule of law that the construction placed upon a contract by the parties as evidenced by acts, conduct, or declarations indicating a mutual intent and understanding will be adopted by the courts where the language of the contract is ambiguous, or there is a reasonable doubt as to its meaning, but not where it is plain and unambiguous." Scotten v. Metropolitan Life Ins. Co., 336 Mo. 724, 81 S.W.2d 313, 315. See, also, Tomnitz v. Employers' Liability Assur. Corp., Mo.Sup., 121 S.W.2d 745, 750.

The acts which the company points to as constituting a practical construction placed by the insured upon these policies with respect to their effective date are payment of two annual premiums subsequent to the first, on or before February 11. These payments obviously could not be considered evidence that the insured treated these policies as effective February 11, 1930, rather than on February 15, 1930, since payments on or before February 11 in subsequent years were in no way inconsistent with the hypothesis that the policies were regarded as having become effective on February 15, 1930. Evidence which is consistent with each of two hypotheses proves neither.

The judgment was right and is affirmed.