HARRY B. HOWARD, Appellant, v. AETNA LIFE INSURANCE COMPANY.—145 S. W. (2d) 113.

Division Two, December 3, 1940.

*Butler, Howard & Campbell, Haywood Scott* and *John W. Scott* for appellant.

1064

*D. P. Cavanaugh* and *Ray Bond* for respondent.

WESTHUES, C.—This is a suit based upon a life insurance policy. Defendant, Insurance Company, filed a demurrer to plaintiff's petition which the trial court sustained. Plaintiff, appellant here, refused to plead further and judgment was entered against him whereupon an appeal was taken. The suit was filed in the Circuit Court of Jasper County, Missouri.

Appellant, Howard, sued on the policy as assignee. The beneficiary, Chloe T. Wise, was the wife of the insured, Henry Erle Wise. In substance the petition stated the following facts: On June 29th, 1932, the insured, Henry Erle Wise, made application to the defendant company for a $10,000 policy on his life. He stated his date of birth as December 31st, 1886. This was incorrect. The true date was December 31st, 1887. The application stated that the policy to be issued should not become effective until the first premium had been paid during the good health of the insured and within sixty days from the date of the medical examination. A like provision was contained in the policy. The medical examination was dated June 29th, 1932. The policy, dated June 28th, 1932, was delivered sometime after July 1st and prior to September 10th. The policy, with reference to premiums, provided that for the first five years a quarterly premium of $50.80 should be paid on the 28th day of June, September, December and March in advance, thereafter the premium was to be $93.90 per quarter. The usual thirty-one days of grace provision was also in the policy. The policy provided that if the age of the insured had been misstated the amount payable under the policy should be such an amount as the premium paid would have purchased at the correct age. The first premium was paid and the company's receipt was issued therefor on September 10th, 1932. The insured, Wise, was an agent for the company. The company, on October 28th, 1932, charged $50.80 against the insured's account. That paid the second premium and no further payments were made. On March 29th, 1933, the insured was knocked down on a cement pavement and seriously

injured. He died on April 5th, 1933. The policy provided that in case the death of insured was due to violent and accidental means then the defendant company would pay an extra sum equal to the sum mentioned in the policy. The suit was brought for $20,000 less the amount of a quarterly premium which appellant alleged was due at the time of insured's death. Appellant stated in his petition that the only provision in the application and policy with reference to the effective date of the policy was the provision that it was not to take effect until the first premium was paid. The contentions of the parties can be surmised from what has been stated.

Appellant asserts that by the terms of the application for insurance signed by the insured, and the terms of the policy issued pursuant thereto, the effective date of the policy was September 10th, when the first premium was paid, and that by reason of the second payment the policy was in force until the 10th day of April, 1933, being six months and thirty-one days of grace. If that contention be correct then petition stated a cause of action. The respondent, Insurance Company, contends that where a change of insurance age occurs for premium rate purposes between the date of the application and the first payment of premium, then the payment of the first premium pays for insurance for the length of time from the date of the first payment to the date mentioned in the policy for the payment of the next premium. In other words, in this case respondent contends that the first premium paid for insurance from September 10th to September 28th, 1932. Respondent also asserts that an insurance contract must be interpreted in accordance with the same rules that govern other contracts, the controlling factor being to ascertain the intention of the parties.

Respondent cites the cases of Tabler v. General American Life Ins. Co., 342 Mo. 726, 117 S. W. (2d) 278; Prange v. International Life Ins. Co. of St. Louis, 329 Mo. 651, 46 S. W. (2d) 523, 80 A. L. R. 950, as authority that in cases where a change in the insurance age of the insured occurs between the date of the application and the date of the payment of the first premium then the date mentioned in the policy for the payment of premiums controls. In the Tabler case the insurance age of the insured changed March 2nd. The application for insurance was dated February 17th, 1926. The policy was delivered after March 2nd, and the premium was not paid until May. The application contained the following provision:

" ' (2) If the first premium is not paid in cash at the time the application is made, or if a policy different from the one described in this application is issued, the insurance shall not take effect until the first premium thereon has actually been paid to and accepted by the Company, or its duly authorized agent, and the policy delivered to and accepted by me during my life and good health; but in that event the policy shall bear the date of its issuance and all future premiums

shall become due on such policy date and all policy values and extended insurance shall be computed therefrom.' ''

.It will be noted that by the last clause the parties expressly agreed that all further premiums should become due on the dates mentioned in the policy; that the insured should have the benefit of policy values et cetera on the basis of the date of the policy, which benefits included the amount of the premium on the basis of the insured being twenty-seven years of age and not twenty-eight, which was his insurance age when the policy became effective by its delivery. This court held that such an agreement was valid and that the insured received the benefit of a lower rate by agreeing to have the policy dated prior to the change in his insurance age. The Prange case involved the same question because in that case there was an express agreement that the date of the policy should be April 4th. The insured's insurance age changed April 5th. He applied for insurance on April 28th, after the change had taken effect. The court held that the contract of predating the policy so as to give the insured a lower rate was based on a valuable consideration and valid.

■ In the case before us we take the allegations of the petition as true, which is our duty on ruling the demurrer. No facts stated in the petition show that the application in this case contained an agreement that the policy should be dated prior to July 1st, the date the insurance age of Wise changed. It will be noted that the policy was dated June 28th and the application was dated June 29th. Neither do we find any allegation that the parties agreed that a policy would be issued and the amount of the premium determined as of the insured's age prior to July 1st. However, it was definitely agreed that the policy should not be in force until the first premium was paid while Wise was in good health. ■ That proviso was in the application and also in the policy. There was also a provision that in case Wise misstated his age then the policy would be in force for the amount of insurance the premium paid would buy at the correct age. Such a proviso is valid. [See Langan v. U. S. Life Ins. Co., 344 Mo. 989, 130 S. W. (2d) 479.] The age of Wise was overstated by one year, so that the premium paid, if the policy went into effect after July 1st, would be the correct amount for a $10,000 policy. That, we think, was a mere coincidence. It is evident that the case before us is materially different than the Tabler and Prange cases.

■ Respondent cited a number of cases in support of its contention that contracts of insurance must be governed by the same rules as other contracts. That is fundamental law. The cases cited are: National City Bank of St. Louis v. Missouri State Life Ins. Co., 332 Mo. 182, 57 S. W. (2d) 1066; Scotten v. Metropolitan Life Ins. Co., 336 Mo. 724, 81 S. W. (2d) 313; Evans v. Equitable Life Assur. Soc. of U. S. (Mo. App.), 109 S. W. (2d) 380; Medlin v. American Bankers' Ins. Co., 227 Mo. App. 705, 59 S. W. (2d) 738; Winters v.

Reserve Loan Life Ins. Co., 221 Mo. App. 519, 290 S. W. 109. The National City Bank case and the Winters case ruled the same point as the opinion in the Prange case, supra. In each case there was an express agreement as to the date the policy should be dated. In the Scotten case the evidence failed to disclose the date of delivery of the policy. This court ruled that the insured, by making a number of applications for reinstatement wherein the date of the policy was mentioned as the due date for premium payments, had accepted those dates as controlling. The Evans case was similar. In the Medlin case the insured desired that his premiums fall due November 9th. He applied for insurance in April, 1923, and was issued a policy to cover the period from May 9th to November 9th, 1923. The first policy was not delivered until a number of weeks after May 9th. Later, in 1928, the insured made application to have his life policy, which was dated November 9th, 1923, reinstated. In this application he named November 9th as the date the premiums were due. This court ruled that the delay of several weeks in delivering the six months term policy did not extend the date of the insurance policy which was dated November 9th, 1923. In all of these cases the court merely determined what the parties had agreed to either in express terms or by their own conduct in fulfilling their contracts. We have reviewed all of the cases cited by respondent and have reached the conclusion that they do not support respondent's position. As we indicated above, neither in the application nor in the policy was there any agreement to have the policy dated prior to July 1st, and no action of the insured was pleaded which indicated that he had entered into any such agreement. Had Wise died after the policy was delivered and prior to the payment of the first premium respondent company would have defended on the theory that the policy was not in force. In its brief respondent does not contend that the policy was in force prior to September 10th. By the express terms of the policy and the application the insurance did not become effective until September 10th, 1932. Two quarterly premiums were paid. Insured died April 5th, 1933. Six months and thirty-one days of grace kept the policy in force until April 10th, 1933. We hold, therefore, that under the plain terms of the contract of insurance, that is the application and the policy, the insured died within the time that the policy was in force. This ruling is supported by the following cases: Halsey v. American Cent. Life Ins. Co., 258 Mo. 659, 167 S. W. 951; Newman v. John Hancock Mut. Life Ins. Co. (Mo. App.), 7 S. W. (2d) 1015, l. c. 1017 (1); Hampe v. Metropolitan Life Ins. Co. (Mo. App.), 21 S. W. (2d) 926. The cases relied on by respondent, and which we have reviewed, also lend support to the conclusion we have reached. If the date of the policy is to control, then why all the discussion in those cases with reference to the provisions that the insurance shall not be in force until the policy be delivered and the premium paid? In each case where this

court held that the date of the policy controlled as to premium paying dates there was an express agreement for a valuable consideration, such as pre-dating the policy to get the benefit of a lower rate, as in the Tabler and Prange cases, supra, or they were cases where the conduct of the parties bound them to the theory that the date of the policy controlled, as in the case of Scotten v. Metropolitan Life Insurance Co., supra. Respondent says that this court refused to follow the Halsey case in its later decisions. We do not find where the Halsey case has been overruled. It has been distinguished in a number of cases but not disapproved. The case before us also differs from the cases where the policy provided that it should not be effective until *delivered and the first premium paid,* and the policy was delivered but the premium paid later. In such cases this court held that the delivery of the policy was the effective date and that the company had waived the provision as to the payment of the premium. However, in the case before us the payment of the premium was made the only event upon which the insurance should be in effect.

 Respondent cites Section 5729, R. S. Mo. 1929, Mo. Stat. Ann., page 4369, which is the anti-discrimination statute, as authority that we should rule that the policy lapsed, otherwise the policy would in effect discriminate in favor of Wise in the matter of rates. The answer to that is that Wise had not contracted with respondent as to the rate, or to date the policy prior to July 1st. Had there been an agreement to pre-date the policy, such an agreement would be approved. The insured did not pay the second premium. The company merely gave him credit on his account for the amount of the premium. We have no affirmative action on the part of the insured recognizing that the date specified in the policy controlled. The provision in the application and policy with reference to misstatement of age took care of any discrimination. The facts as pleaded in the petition were sufficient to state a cause of action.

The judgment is reversed and the cause remanded for trial. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.