## TUCKER v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

### No. 520.

District Court, E. D. Missouri, E. D.

Dec. 24, 1940.

Benjamin B. Smith, of St. Louis, Mo., for plaintiff.

Rassieur & Rassieur, of St. Louis, Mo., and Michaels, Blackmar, Newkirk, Eager & Swanson, of Kansas City, Mo., for defendant.

COLLET, District Judge.

The defendant contends that April 6th, the register date of the policy, should be controlling as the date of the beginning and ending of the five-year term during which the insurance was in effect—relying upon Prange v. International Life Insurance Co., 329 Mo. 651, 46 S.W.2d 523, 80 A.L.R. 950, and other cases of similar import. It is the defendant's contention that because the insured's insurable age changed on April 8, 1935, that we must now assume as an established fact that Tucker agreed with the defendant that the insurance should be effective on April 6th, 1935, in order that he might obtain the more favorable premium rate which applied to his insurable age on that date. If that fact was considered as established it might well bring this case within the rule announced in the Prange case, but there is no suggestion in the evidence that there was any such agreement or understanding unless it be based upon the surmise that possibly a consideration of this kind was in the minds of the parties because of the mere fact that the insured's insurable age did change. It seems to me that a finding of fact to the effect noted would necessarily be based upon pure surmise and conjecture. If we resorted to such methods of determining facts we might as readily conclude from the fact that the application was dated April 7th, the first premium was paid on April 20th and the medical report was executed on April 24th, that at the time the insurance was solicited the insured informed the agent that he would not pay the premium until April 20th, either because he would not have the money until that date or because he customarily paid all bills on April 20th and that the agent, realizing that he would be charged with the expense of the issuance of the policy and the medical examination, waited until he received the check from the insured's wife on April 20th before he obtained the medical examination on the 24th. The fact that when the first premium was paid it was paid by the insured's wife might be some indication that the insured did not himself have the money on April 7th. Be that as it may, however, these facts are referred to only to illustrate the danger of basing a finding of fact upon pure speculation.

It is clear to me from the provisions of the policy, the application and the receipt, that the understanding of the parties was to the effect that Mr. Tucker would, upon the payment of stipulated premiums, be insured for a full term of five years. The application states that is it for five-year term ordinary life insurance. The only question is when did that five-year term begin and end? As pointed out in the conclusions of law, an irreconcilable ambiguity or inconsistency exists between the statement contained in the application and receipt that the insurance should be effective upon the payment of the first premium and should be for a five-year term and the provision of the policy that the register date was April 6, 1935, and the Company would pay the face of the policy only in the event that death occurred prior to April 6, 1940. To reconcile this ambiguity in such a manner as to bring the case within the rule of the Prange case it would be necessary to explain away the provisions of the application with evidence that the parties waived the provision relative to the payment of the premium putting the policy in effect by a supplementary understanding or agreement to the effect that the policy should be effective on April 6th. We may assume from the allegations of the answer that the Company, pursuant to its established practice dated the policy two days before the date the insured's insurable age would change, without requiring the factual conclusion that the parties agreed to any such arrangement.

The assertion by the defendant that it would have been unlawful, upon the grounds of discrimination, for the agent to have agreed with the insured that the policy was to be effective on a date when a larger premium rate would apply and at the same time agreed to accept the smaller premium applicable to an earlier date, is answered by the recent opinion of the Missouri State Supreme Court in Howard v. Aetna Life Insurance Company, 145 S.W.2d 113, decided December 3, 1940, and not yet reported [in State Report]. That case again distinguishes the Halsey v. American Central Life Ins. Co. case, 258 Mo. 659, 167 S.W. 951, from the Prange case and reaffirms the rule announced in the Halsey case. The facts in the Howard case are rather similar to the facts in the case at bar in that the Court pointed out there, was no evidence of any agreement

that the policy should be effective at an earlier date in order that a lower premium rate be applicable. The Court also pointed out that the provision of the policy to the effect that any misstatement of the age of the insured would change the amount of insurance purchased by the payment of the stipulated premiums, eliminated any illegality resulting from discrimination.