## EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. TUCKER.

### No. 12051.

Circuit Court of Appeals, Eighth Circuit.

March 12, 1942.

Rehearing Denied April 6, 1942.

Ralph M. Jones, of Kansas City, Mo. (William C. Michaels and Michaels, Blackmar, Newkirk, Eager & Swanson, all of Kansas City, Mo., Rassieur & Rassieur, of St. Louis, Mo., and Alexander & Green, of New York City, on the brief), for appellant.

Milton Keiner, of St. Louis, Mo. (Benjamin B. Smith, of St. Louis, Mo., on the brief), for appellee.

Before STONE and JOHNSEN, Circuit Judges, and OTIS, District Judge.

JOHNSEN, Circuit Judge.

The controlling question is whether, under the law of Missouri, the five-year term life insurance policy, upon which this suit is brought, expired on April 6, 1940, the anniversary of the register date endorsed upon the policy, or on April 20, 1940, the anniversary of the date when the first premium was actually paid. The insured died on April 15, 1940.

The trial court held that, on the facts before it, the policy did not expire until the anniversary of the first premium payment date and entered judgment in favor of the beneficiary for the face amount of the policy. The insurance company has appealed.

The application was dated April 7, 1935. The policy was executed by the company on May 3, 1935. On the back of the policy, however, was the following indorsement: "Register date: April 6th, 1935."

The coverage clause recited that the company would pay to the wife of the insured, as beneficiary, the sum of $5,000, "upon receipt at any time of due proof of the death of the Insured prior to the fifth anniversary of the Register date, provided premiums have been duly paid". The policy contained the following further applicable provisions: "This insurance is granted in consideration of the payment to the Society of a first premium of Fifteen and $^{30}/_{100}$ Dollars, and of the payment thereafter of a monthly premium of a like sum upon each sixth day of every month until five full years' premiums shall have been paid, or until the prior death of the Insured." "The first policy year under this policy shall begin on the Register date stated on the back of this policy and the second and subsequent policy years shall begin on the respective anniversaries of the Register date."

In the application, a copy of which was attached to and made a part of the policy, was the following clause: "I hereby agree that any policy issued hereon shall not take effect until the first premium thereunder has been paid during my good health." A receipt issued by the agent for the first monthly premium, under date of April 20, 1935, recited: "Insurance, subject to the terms and conditions of the policy contract, shall take effect as of the date of this receipt."

The policy contained the usual clause for thirty-one days' grace in the payment of subsequent premiums. The record indicates that, of the sixty subsequent monthly premiums, fifteen were paid prior to the twentieth day of the month, fourteen were paid on the twentieth day of the month, and thirty-one were paid between the twenty-first day of the month and the sixth day of the month following.

The trial court, as indicated in its memorandum opinion, D.C., 36 F.Supp. 809, relied upon and applied the rule of Halsey v. American Central Life Insurance Co., 258 Mo. 659, 167 S.W. 951, and Howard v. Aetna Life Insurance Co., 346 Mo. 1062, 145 S.W.2d 113. These cases, as well as Newman v. John Hancock Mutual Life Insurance Co., Mo.App., 7 S.W.2d 1015; Hampe v. Metropolitan Life Insurance Co., Mo.App., 21 S.W.2d 926, and other Missouri decisions, hold generally that, where a contract of life insurance provides that it shall not take effect until the first premium has been paid, and the policy is not previously unconditionally delivered, the insured or his beneficiary is entitled to claim, for whatever benefit may be derived from such position, that the coverage commenced only as of the date the premium was actually paid, notwithstanding that the policy bears a previous issue or register date or fixes an earlier date for subsequent premium payments, unless it is clearly established that the insured has in fact agreed to the earlier date, as a matter of express contract or of controlling acceptance. Mere retention of the

policy alone is not sufficient to establish such an agreement or acceptance as a matter of law.

The position and the reasoning of the Missouri courts are indicated by the following quotation from Hampe v. Metropolitan Life Insurance Co., supra, pages 927, 928 of 21 S.W.2d: "For many years the Missouri courts, standing somewhat alone upon the question, have held that, where an insurance contract provides that it shall not become effective until the happening of certain contingencies, such as the delivery of the policy during the lifetime or good health of the applicant and the payment of the first premium, but elsewhere recites a prior date of issue or due date, it is the date of delivery and payment which marks the beginning of the effectiveness of the policy, and determines the time when each succeeding premium shall be paid. * * * This ruling is founded upon the theory that where there is no liability, there can be no insurance; that the payment by the insured of a stipulated premium for a certain term entitles him to protection for the full term, and not for a less one; and that an insurance company should not be permitted, where the policy is legitimately susceptible of any other construction, to accept a premium for a definite term, and then escape liability by interposing the technical defense that the insured had agreed to pay the premium long before it was due."

Appellant contends that the rule in the Halsey, Hampe and Howard cases, supra, has application only to policies of regular or ordinary life insurance, and that the trial court erred in applying it to a contract of term insurance. Term insurance, it is argued, must be held to expire upon the date fixed in the policy, regardless of when the contract actually took effect. Such doubtless is the rule where the contract unequivocally limits the coverage to a specific date and the consideration represents an entirety, which is not made referable to some general calendar period. And so, a contract of term insurance, providing for coverage to a specific date only, in consideration of a recited premium entirety, without more, will ordinarily not give the insured the right, for the purpose of extending the coverage period, to claim the benefit of a clause in the policy that the insurance shall not take effect until a certain payment has been made. Compare Prange v. International Life Insurance Co., 329 Mo. 651, 46 S.W.2d 523, 80 A.L.R. 950; National City Bank v. Missouri State Life Insurance Co., 332 Mo. 182, 57 S.W.2d 1066; Penn Mutual Life Insurance Co. v. Forcier, 8 Cir., 103 F.2d 166, 169.

The policy involved in the Prange case falls within the rule which we have stated. It provided [329 Mo. 651, 46 S.W.2d 524, 80 A.L.R. 950]: "This contract is made in consideration of * * * the payment of Seven Hundred and 75/100 Dollars, constituting payment of premium for term insurance ceasing at noon on the fourth day of April, 1923, from which date it may be renewed as an Ordinary Life policy by the payment of like sum on said date and on each succeeding anniversary date of the policy during the lifetime of the Insured." The opinion says (pages 526 and 527 of 46 S.W.2d): "Appellants say that the payment of $700.75 made by the insured on May 18th, the time when the policy was delivered to him, was the payment of an annual premium, which entitled the insurer to a full year's insurance; otherwise, they say, the insured paid for approximately a month and a half's insurance which he did not get. The contention ignores the plain language of the contract. In its inception the contract was not one for life, but an assurance for a term ending on April 4, 1923, at which time it could be converted into a life policy by the payment of a stipulated premium. *The first payment is not designated an annual premium, nor is it anywhere referred to as such, in either the policy or the application. On the contrary, it clearly purports to be a single premium for limited term insurance.* * * * Under the plain unambiguous provisions of the policies sued on, the term insurance provided by each expired on April 4, 1923." (Italics added.)

The court also significantly takes occasion to point out in its opinion that, as a matter of fact, the insured in that case had specifically agreed to the contract as written, by signing a statement at the time the policy was delivered to him that "I desire my policy to be dated April 4, 1922"—a circumstance to which we shall refer later in our discussion.

Appellant contends, however, that the National City Bank case goes further than the Prange case and holds, without qualification, that the rule of the Halsey case is not applicable under any circumstances

to a policy of term insurance. The policy in that case insured against death "within the term of five years from March 19, 1923", and further provided: "This Insurance Is Granted in consideration * * * of the payment in advance of Eighty-eight and no/100 Dollars, and of the payment of a like amount on the nineteenth day of September, 1923, being the premiums for the first year's insurance under this policy ending on the 19th day of March, 1924. The insurance will be continued thereafter upon the payment of the semi-annual premium of Eighty-eight and no/100 Dollars, on or before the nineteenth day of each of the months of March and September in every year during the continuance of this policy, until premiums for five policy years, including the first, have been paid." [332 Mo. 182, 57 S.W. 2d 1067.]

The opinion points out, it is true, at page 1069 of 57 S.W.2d, that in the Halsey case the suit was upon policies "payable in the event of death whenever it occurred", while the immediate action was "upon a term policy of insurance payable upon the death of Riley, 'provided such death shall occur within the term of five years from March 19, 1923'". A reading of the opinion will show, however, that the real basis of the court's decision was the fact that the policy had been unconditionally delivered to the insured, and so became effective whether the premium was paid or not. The agent had unconditionally delivered the policy without collecting the premium, and the insured had accepted it, notwithstanding a provision that, if the first premium was not paid at the time the application was made, "the insurance shall not be effective until the policy is delivered to and accepted by me and the first premium thereon actually paid during my lifetime and continued good health". Two months later the agent paid the company the amount of the premium from his own funds, and approximately five months thereafter the insured reimbursed the agent. Under these circumstances, the policy, as a matter of Missouri law, had actually become effective from the time of its unconditional delivery and acceptance, and the fact that the premium was not paid to the company until some time later did not change the situation. In the syllabus to the opinion, appearing in the official reports of the Missouri Supreme Court, there is no formulation of or reference to the principle which appellant seeks to derive from the decision, that term insurance

should always be held to expire upon the date fixed in the policy, regardless of any of its other contractual provisions.

But, whatever might be the effect which ought otherwise to be given to the fact that the court pointed out in the National City Bank case that the Halsey case did not involve a policy of term insurance, we are hardly at liberty to ignore the recent consideration of these two cases in the Howard case, which is the latest expression of the Missouri Supreme Court. The author of the opinion in the Howard case was one of the judges who participated and concurred in the National City Bank case, and it is to be noted that, in distinguishing the Howard case from the National City Bank and Prange cases, on the general question involved, the court significantly does not attempt to make any legalistic differentiation between the two kinds of policies, as such, but only points out the controlling differences in the factual situations presented by the cases. Thus, in referring to the Prange case, at page 114 of 145 S.W. 2d, it emphasizes, as the salient distinction, that "in that case there was an express agreement that the date of the policy should be April 4th". Again, in discussing both the Prange and the National City Bank cases, the court said: "In each case there was an express agreement as to the date the policy should be dated. * * * *In all of these cases the court merely determined what the parties had agreed to either in express terms or by their own conduct in fulfilling their contracts.*" (Italics added.)

Reading all of these decisions of the Missouri Supreme Court together, it seems to us that the collective utterances of the court indicate that the controlling test, under the law of Missouri, in determining the relationship between the first premium payment date and the date of coverage expiration, in connection with a contract clause such as is here involved, is not fundamentally whether the policy is one of term insurance, but simply whether the language used and the facts of the particular situation indicate that the parties have actually agreed that the coverage expiration date is not to be governed by the date when the premium is in fact paid. If the parties have so actually agreed, the technical form of the insurance involved obviously is not important. In the case of term insurance, providing for coverage to a specific date, on the basis of an entirety of consideration, not made referable to some

general calendar period, the language used may sufficiently show a mutual intention that the "effective-on-payment-of-premium" clause was not to govern the date of coverage expiration. Compare Prange v. International Life Insurance Co., supra. The same situation may exist in the case of an ordinary life policy also, where the agreement of the parties is clear, as, for example, where the insured has accepted an unconditional delivery of the policy. See Tabler v. General American Life Insurance Co., 342 Mo. 726, 117 S.W.2d 278. "In all of these cases", as the court has emphasized in the Howard case, supra, the question simply is "what the parties had agreed to either in express terms or by their own conduct in fulfilling their contracts".

■ It would hardly seem reasonable that every policy of term insurance should be held to expire absolutely, as a matter of law, upon the date set out in the policy, even though there might be other language or competent circumstances unmistakably indicative of a different actual intention. The law has always looked at the entirety of an insurance contract to ascertain the intention of the parties. The insured ought not to be deprived of the benefit of an "effective-on-payment-of-premium" clause under Missouri law, except where it is clear that the parties have agreed "that the premium paid will carry the insurance only to a definite future date". Penn Mutual Life Insurance Co. v. Forcier, supra, at page 169 of 103 F.2d. If it is apparent from other language in the contract and from the competent circumstances of the transaction that the termination date recited in a term policy had no more sound relationship to the contractual status which the parties were intending to establish than in the case of an ordinary life policy, there can hardly be any valid reason for an arbitrary or absolute rule in the situation. Thus, for example, if the insured applied for five full years of insurance and the company issued a policy providing for the payment of five full years of premiums, shown by the contract to rest upon a regular calendar period basis, and the expiration date clearly did not depend upon a consideration entirety which was without demonstrable relationship to such a general calendar period, it would seem that the policy of the Missouri law, declared in Hampe v. Metropolitan Life Insurance Co., supra, that "the payment by the insured of a stipulated premium for a certain [calendar] term entitles him to protection for the full term, and not for a less one", ought to be given recognition.

Here the application recited that it was for insurance for a "5 year term". The policy is denominated a "five year term policy". Printed on the back are the expressions, "Insurance payable at death if within 5 years", and "Premiums payable for 5 years". The face of the policy contains such expressions as "five full years' premiums", "the first policy year", and "the second and subsequent policy years". The payments purport to be regular monthly premium charges, on the basis of a general calendar coverage period. The policy does not fix a definite termination date on its face, except by a reference to the register date appearing on the back of the instrument, and there is nothing in either the application or the policy to indicate that the company had any reason for limiting the coverage to April 6, 1940, in preference to April 20, 1940, if it received the proper premiums. Under the circumstances, since there is no contention that the "effective-on-payment-of-premium" clause did not operate to fix the beginning of the coverage in this case, it would seem that the insured should be given the benefit of five full years of insurance, under Missouri law.

Appellant argues that, if such a view be taken, it ought to be held that the insured had agreed to an earlier effective date, because his birthday was on October 8th and his insurance age therefore changed on April 8, 1935, and, if the contract was to be made to provide five full years of coverage from April 20, 1935, the company would have been entitled to a higher monthly premium. Whatever force this argument might have had under some of the earlier Missouri decisions, we are bound to treat it as answered here by the statement in the Howard case, supra, at page 115 of 145 S.W.2d, that "neither in the application nor in the policy was there any agreement to have the policy dated prior to July 1st, and no action of the insured was pleaded which indicated that he had entered into any such agreement".

The opinion in the Howard case further applicably says: "No facts stated in the petition show that the application in this case contained an agreement that the policy should be dated prior to July 1st, the

date the insurance age of Wise changed. It will be noted that the policy was dated June 28th and the application was dated June 29th. Neither do we find any allegation that the parties agreed that a policy would be issued and the amount of the premium determined as of the insured's age prior to July 1st. However, it was definitely agreed that the policy should not be in force until the first premium was paid while Wise was in good health. * * * In each case where this court held that the date of the policy controlled as to premium paying dates there was an express agreement for a valuable consideration, such as predating the policy to get the benefit of a lower rate * * * or they were cases where the conduct of the parties bound them to the theory that the date of the policy controlled * * *." In the present case appellant gives as the reason for the predating of the policy, not that the insured requested it, but simply that it was done "in accordance with the defendant's practice of dating a policy two days prior to the date on which an applicant's age would change".

Other arguments of appellant are sufficiently answered by the following additional portion of the opinion in the Howard case: "Respondent cites Section 5729, R.S. Mo.1929, Mo.St.Ann. § 5729, page 4369 [R.S.1939, § 5840], which is the anti-discrimination statute, as authority that we should rule that the policy lapsed, otherwise the policy would in effect discriminate in favor of Wise in the matter of rates. The answer to that is that Wise had not contracted with respondent as to the rate, or to date the policy prior to July 1st. Had there been an agreement to predate the policy, such an agreement would be approved. * * * We have no affirmative action on the part of the insured recognizing that the date specified in the policy controlled. The provision in the application and policy with reference to misstatement of age took care of any discrimination."

In the present case, the dates when the subsequent premiums were paid, as set out above, are as consistent with a recognition of the effective date of the policy being April 20th as with it being April 6th, and cannot therefore be held to constitute conduct which bound the insured to "the theory that the date of the policy controlled".

The only contention of appellant that remains to be considered is that the court erred "in entering judgment in favor of the plaintiff for the reason that there is no evidence, nor admissions by the defendant, to support the judgment". The case was disposed of on motions for judgment on the pleadings filed by both parties. All of the written instruments involved were attached to the pleadings, and the record and the statements of counsel on oral argument here indicate that neither party had any extraneous evidence which could overcome the implication and effect of these documents. Appellant does not attempt to claim that it has been deprived of the right to a jury trial demandable under Rule 38 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or that any further evidence would be available to it on another hearing.

Under the circumstances, it must be held that the parties intended that the trial court should consider the entire situation on the instruments and pleadings before it. Since the court had before it everything which the parties were in a position to offer in the way of controlling fact or formal record, it necessarily was at liberty to make such inferences and findings as the instruments presented to it, together with the admissions of the pleadings, both direct and implicational, soundly warranted, and whether this was done on motions for judgment on the pleadings or on a purported trial submission is unimportant in this case, since it clearly could have made no difference in the ultimate result. We think the findings of fact of the trial court were proper inferences from the pleadings and instruments before it, as against the inferences which appellant here contends should have been made in the situation.

Affirmed.