THE BROADWAY LAUNDRY COMPANY, a Corporation, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, a Corporation.—No. 38267.— 172 S. W. (2d) 851.

Division Two, June 7, 1943.

Rehearing Denied, July 6, 1943.

*Blumenfeld & Abrams* by *Selden Blumenfeld* and *Adolph Schwartz* for appellant.

280

*Jones, Hocker, Gladney & Grand* and *James C. Jones, Jr.,* for respondent; *F. H. Pease* of counsel.

TIPTON, J.—In the Circuit Court of the City of St. Louis, the appellant filed this action on a life insurance policy issued to Rudolph L. Weinert by the respondent, and payable in event of his death to his executors, administrators, or assigns, and on the date the policy was delivered, it was assigned by him to appellant. The case was tried on an agreed statement of facts, and the trial court entered a judgment for the respondent. From this judgment, the appellant has duly appealed.

The only issue in this case is whether or not the policy of insurance was in force at the date of the death of Rudolph L. Weinert on June 28, 1941. The policy in question was not an ordinary life policy, but was a term insurance for only seven years. The policy was issued in the year 1934, and appellant contends that although it was dated June 19, 1934, for a term of seven (7) years, it was not in force until July 2, 1934, the anniversary of the delivery date of the policy.

To support its contention, the appellant relies upon the cases of Halsey v. American Central Life Ins. Co., 258 Mo. 659, 167 S. W. 951; Hampe, Public Administrator, v. Metropolitan Life Ins. Co. (Mo. App.), 21 S. W. (2d) 926; Howard v. Aetna Life Ins. Co., 346 Mo. 1062, 145 S. W. (2d) 113, and 350 Mo. 17, 164 S. W. (2d) 360, and others too numerous to cite. Those cases rule that if the policy provides for the payment of premiums annually, or on or before certain days, occurring periodically after the date of the policy, and if the policy or application further provides that it shall not take effect until it is delivered and the first premium paid, then in event of an issue of liability for want of timely payment of premiums, the premium-paying periods are to be determined from the date of delivery.

The reason for this rule is that in every instance the contract expressed in the policy is ambiguous or there is some conflict of provision in the particular policy. In construing the contract of insurance, as expressed by the policy and the application, the cases relied upon by the appellant hold that where the contract is fairly susceptible to two different interpretations, the Court is required to adopt that interpretation concerning the effective date of the policy which is most favorable to the insured. This rule of law is based on the reason that if the policy of insurance contains ambiguous or inconsistent provision, the construction should be adopted, if possible, which will sustain rather than forfeit the contract. McMaster v. New York Life Insurance Co., 183 U. S. 25, 22 S. Ct. 10, 46 L. Ed. 64.

In every case in which the appellate courts of this State have so ruled, the policy under construction was an ordinary life policy, and not a term policy, and the respondent contends that for this reason, the cases relied upon by appellant are not in point.

The pertinent facts in the case at bar are as follows: On June 19, 1934, Rudolph L. Weinert made a written application to respondent for a policy of insurance on his life in the sum of Ten Thousand Dollars, for a term of seven years.

This application stated that the "Date of policy as of date of Application." It also had the following provision:

"That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium paid in full during his lifetime . . . provided, however, that if the applicant at the time of making this application, pays the agent in cash the full amount of the first premium for the insurance applied for . . . and receives from the agent a receipt therefor on the receipt form which is attached hereto, and if the company, after medical examination and investigation, shall be satisfied that the applicant was, at the time of making this application insurable . . . then said insurance shall take effect and be in force . . . from and after the time this application is made, whether the policy be delivered to and received by the applicant or not."

The policy was delivered to the insured on July 2, 1934, and on that date was assigned to the appellant. The policy provided:

"New York Life Insurance Company agrees to pay . . . Ten Thousand Dollars upon receipt of due proof of the death of Rudolph L. Weinert, the Insured, [853] within Seven years from the date this Policy takes effect (hereinafter called the term period).

"This contract is made in consideration of the application therefor and of the payment in advance of the sum of $257.50, the receipt of, which is hereby acknowledged, constituting the first premium and maintaining this Policy for the period terminating on the 19th day of June, 1935, and of a like sum on said date and every twelve calen-

dar months thereafter until premiums for seven full years in all shall have been paid from the date on which this Policy takes effect, or until the prior death of the insured.

"This Policy takes effect as of the 19th day of June, 1934, which day is the anniversary of the policy."

We find no ambiguity or inconsistent provisions in the contract of insurance. The policy provides that it is to take effect "as of the 19th day of June, 1934." It also provides for insurance "for the period terminating on the 19th day of June, 1935," and if the premiums are paid "on said date and every twelve calendar months thereafter until premiums for seven full years in all shall have been paid from the date on which this policy takes effect, . . . ," it would expire June 19, 1941. The application stated the date of the policy should be the date of the application which was the 19th day of June, 1934.

The respondent says this case should be ruled by our case of Prange v. International Life Ins. Co., 329 Mo. 651, 46 S. W. (2d) 523; National City Bank v. Missouri State Life Ins. Co., 332 Mo. 182, 57 S. W. (2d) 1066; Petersen v. Metropolitan Life Ins. Co. (Mo. App.), 84 S. W. (2d) 157; and Doty v. American National Life Ins. Co., 350 Mo. 192, 165 S. W. (2d) 862. Those cases do not deal with ordinary life policies but deal with term insurance, as does the policy under consideration; and those cases hold that the policy date controls the date of the subsequent premiums, which expressly expires by the terms of the policy on a definite date.

When we consider the fact that on June 19, 1934, the insured was fifty-three years old, and for insurance purposes, he became fifty-four on June 23, 1934, and that he was President of the appellant corporation, we think the facts come within the rule announced by us in the Prange case [46 S. W. (2d) 523, l. c. 526] wherein we said:

"Appellants say that the payment of $700.75 made by the insured on May 18th, the time when the policy was delivered to him, was the payment of an annual premium, which entitled the insurer to a full year's insurance; otherwise, they say, the insured paid for approximately a month and a half's insurance which he did not get. The contention ignores the plain language of the contract. In its inception the contract was not one for life, but an assurance for a term ending on April 4, 1923, . . .

"The insured was a business man of large affairs; no fraud or deceit was practiced upon him. When he accepted the policy on the 18th day of May, 1922, he must have known that for the payment he was then making he was getting nothing more than term insurance for a term beginning on that date and ending April 4, 1923. Whether he was receiving an adequate consideration for the payment rested entirely with him. He may have considered that the securing of the premium rate of age thirty-eight, by the predating of the policy, was

more beneficial to him than a month and a half's insurance. Whether it was or not is not within our province to determine. Courts are without authority to rewrite contracts, even insurance contracts, although it may appear that in some respects they operate harshly or inequitably as to one of the parties; they discharge their full duty when they ascertain and give effect to the intentions of the parties, as disclosed by the contract which they have themselves made."

As previously stated, this was not an ordinary life insurance policy, but term insurance, with the duration of the term definitely and explicitly fixed by the provisions of the contract itself, and this irrespective of when the contract might become binding. By the terms of this contract it became effective as of June 19, 1934, and terminated June 19, 1941. The insured died June 28, 1941, on a date after the policy had expired. Since the policy was not in force on the date of the insured's death, it follows that the judgment of the trial court was for the right party and should be affirmed. It is so ordered. All concur.